Thomas W. DOWER and Nordic Development Corporation, Appellants,

v.

Thomas J. BOMAR, Trustee for Kitimat Corporation, Appellee.

No. 19126.

United States Court of Appeals Fifth Circuit.

Feb. 13, 1963.

Rehearing Denied April 22, 1963.

Irving M. Wolff, Miami, Fla., for appellants.

Thomas B. DeWolf, Miami, Fla., Helliwell, Melrose & DeWolf, Miami, Fla., for appellee.

Before RIVES, JONES and GEWIN, Circuit Judges.

GEWIN, Circuit Judge.

This is an interlocutory appeal from the judgment of the District Court for the Southern District of Florida, Miami Division, sitting in bankruptcy, in which the Court determined that it had summary jurisdiction of a turnover order to adjudicate title to a particular parcel of land.

Kitimat Corporation, a Florida corporation, filed a petition for reorganization on June 9, 1959, pursuant to Chapter X of the Bankruptcy Acts, 11 U.S. C.A. § 501–676. An order approving the petition was entered on June 10, 1959; Thomas J. Bomar, Petitioner-Appellee, was appointed Trustee, and the order further provided that a plan of reorganization, readjustment, or liquidation affecting the property of the debtor cor-

poration was to be filed on or before July 31, 1959.

In accordance with the final plan of reorganization, the Trustee of the debtor corporation petitioned for an order to show cause why the parcel of real estate involved[1] should not be turned over to the Trustee in summary proceedings. In the petition the Trustee claimed that the recorded deed purporting to vest title to the property in Nordic Development Corporation, Respondent-Appellant, was in fact a mortgage securing a debt owed to Nordic by Kitimat, on which Nordic was charging a usurious rate of interest. Thomas W. Dower, also an appellant, officer and only stockholder of Nordic, was made a party to the petition individually. An order to show cause was issued on May 10, 1961, addressed to Nordic and to Dower, individually.

In response to the show cause order, Dower and Nordic filed a special appearance and motion to quash, attacking the court's jurisdiction to hear the petition, or adjudicate the title to the property. Issue was joined on the special appearance and motion to quash. The testimony of Thomas Dower was taken for the purpose of determining the question of the court's summary jurisdiction. The Court ruled that it had summary jurisdiction and ordered that Dower and Nordic file an answer within three days. Thereupon, Dower and Nordic filed a motion to dismiss alleging that the petition showed on its face that no cause of action existed, and again both objected to the summary jurisdiction of the Court. It is from the Court's order denying the motion to quash and denying the motion to dismiss that this appeal is directed.

The Kitimat Corporation was organized to construct a shopping center and a portion of a large building was constructed on the property involved. However, there was a problem of financing. On November 11, 1957, Mr. Joseph Hamilton, holder of 50% of the stock in Kitimat Corporation entered into an arrangement whereby the Nordic Corporation was formed for the purpose of lending money to Kitimat. The money was used by Kitimat to purchase the land in question and it then executed a deed to Nordic on the same day, which was recorded. It is this instrument that the Trustee is seeking to have declared a mortgage. Dower and Hamilton then entered into an option agreement whereby Hamilton could purchase from Dower the stock of Nordic for cost plus 37½%. If Hamilton refused to exercise the option, Nordic would redeem its own stock upon the same terms, possibly with money obtained through the sale of the land. The Trustee in his turnover petition alleged that this transaction was a scheme whereby Dower as officer and sole stockholder of Nordic would get back 37½% of his investment, greatly in excess of Florida's legal rate of interest of 25% for a corporation.

Section 687.07, Florida Statutes, F.S.A. authorizes a forfeiture of both principal and interest, when a loan is declared to be tainted with usury. The theory of the turnover petition is that if the recorded instrument showing title to the property in Nordic be declared a mortgage, then title to the property must revest in the Trustee, as successor to Kitimat. This results upon the theory that if the entire principal and interest of the loan is forfeited, then title to the property given as security for the loan must revest in the original owner, in this case Kitimat.

The District Court resolved that it had summary jurisdiction of the turnover proceedings on the theory of actual possession of the land in question by Kitimat Corporation. When the land was bought, there were several old apartment houses on the lots, which were to be torn down and a shopping center erected. These buildings were torn down by Kitimat and at the time of the filing of the

---

1. Lot 1, of Block 10 of Riviera, as recorded in Plat Book 7, Page 16 of the Public Records of Broward County, Florida.

petition for reorganization, Kitimat was in the process of constructing the shopping center on the land and a partially completed structure was situated on the property. In his testimony Dower attempted to claim that Kitimat was trespassing on the land in that the apartment houses were torn down without his knowledge. · However, it seems clear from a reading of his testimony as a whole that it was known by Dower when Kitimat purchased the property that the apartments would be torn down and a shopping center erected.

■ The fact of actual possession of property at the time the petition is filed, plus a bona fide claim of title by the debtor Kitimat, is all that the law requires to give the bankruptcy court summary jurisdiction. Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 60 S. Ct. 628, 84 L.Ed. 876 (1940); Collier, Bankruptcy, § 23.05 (14th Ed. 1961). As stated in Thompson:

"Bankruptcy courts have summary jurisdiction to adjudicate controversies relating to property over which they have actual or constructive possession. And the test of this jurisdiction is not title in but possession by the bankrupt at the time of the filing of the petition in bankruptcy."

It is clearly apparent that Kitimat was in actual possession of the property at the time of the filing of the petition, and substantial construction work had been completed. Dower's claim of trespass is not supported by the facts.

■ In addition to denying the motion to quash addressed to its jurisdiction, the Court also denied Nordic's motion to dismiss the petition for failure to state a cause of action. Nordic further asserts that the petition is void on its face, because it affirmatively shows that the statute of limitations of two years as to penalties and forfeitures (usury) had run.

The option agreement was executed on November 11, 1957, and with the extensions given, expired on November 17, 1958. The date of the approval of the petition for reorganization is June 10, 1959. The date of the show cause order is May 10, 1961. The Florida two year limitation statute applicable to usury had not run when the petition for reorganization was approved, but had run when the turnover order was issued. 11 U.S.C.A. 29, sub. e provides in pertinent part:

"A receiver or trustee may, within two years subsequent to the date of adjudication or within such further period of time as the Federal or State law may permit, institute proceedings in behalf of the estate upon any claim against which the period of limitation fixed by Federal or State law had not expired at the time of the filing of the petition in bankruptcy."

The Trustee claims that this statute tolls the state statute of limitations because the state limitation had not run at the time of the filing of the reorganization petition, and its subsequent approval, and that a new period of two years begins within which an action may be brought.

In response, Nordic attempts to distinguish between limitation statutes which merely bar the remedy sought, and those statutes stating that a certain action "can only be commenced" within a fixed period. The latter type, says Nordic, is a substantive right which cannot be tolled by a federal statute of limitations. The general limitation statute of Florida affecting usury, § 95.11(6) Florida Statutes, F.S.A., is preceded, (as are other of Florida's limitation statutes), with the words, "Actions other than those for the recovery of real property *can only be commenced as follows.*" (emphasis supplied) The particular paragraph relating to usury is one of nine such paragraphs setting forth periods of limitation covering actions ranging from assault to a suit for a recovery of wages. We do not believe the Florida Statute of Limitations as to usury preempts the wording of 11 U.S.C.A. 29, sub. e.

In Engstrom v. De Vos, (D.C.E.D. Wash.1949) 81 F.Supp. 854, the court dealt with the same problem as presented here. There, the state statute which created the right of action in the Trustee, contained a "built-in" time limitation, which was a condition precedent to bringing the suit. The Court held that if the time period in the statute had not run at the time of filing the petition in bankruptcy, the subsequent expiration of the time, which would ordinarily have killed the right of action, did not do so, because 11 U.S.C.A. 29, sub. e extended the period for two years subsequent to adjudication. The Court said:

"[The] broad power of Congress, when it comes into conflict with State law, is not limited to the procedural field. It may, and, in practice, frequently does, affect substantive rights as well.

\* \* \* \* \* \*

"It is my conclusion, therefore, that by the enactment of Section 11, sub. e, of the Chandler Act, Congress undertook to supersede a state statute of limitations in a case such as the one now before me, regardless of whether the limitation would bar the remedy or the right and that in so doing, Congress did not exceed the power conferred upon it by the bankruptcy provisions of the Constitution."

We agree with the reasoning and the conclusions of Engstrom. Therefore, since the present suit was brought within two years of the approval of the petition for reorganization, and the cause of action was not otherwise barred, we hold the action to have been timely brought, and the Court correct in denying the motion to dismiss the petition.

Nordic raises other points which reach the merits of the controversy and as yet have not been passed upon by the District Court. As such, the questions are not now before us. For the reasons set out herein, the interlocutory orders of the trial court are

Affirmed.