In re T. C. I. LIMITED, Debtor.

T. C. I. LIMITED, Plaintiff,

v.

SEARS BANK AND TRUST CO., as Trustee Under Trust Number 701339 and certain unknown Beneficiaries, Dimitris Angelopoulous, Thom Angelos, Jim Karonis, Code Engineering Co., Inc., Carpetland, U.S.A., Inc., Air-Rite Heating and Cooling, Inc., Modern-Fold Doors of Chicago, Chicago Title and Trust Company, and Unknown Others, Defendants.

Bankruptcy Nos. 80 B 14924, 81 A 4097.

United States Bankruptcy Court,
N. D. Illinois, E. D.

July 21, 1982.

William L. Needler, William L. Needler & Associates, Chicago, Ill., for plaintiff.

Margaret M. Lauf, Fred I. Feinstein, McDermott, Will & Emery, Chicago, Ill., for Sears.

Christ G. Marinakis, Marinakis & Marinakis, Chicago, Ill., for Angelopoulous.

## MEMORANDUM OPINION

FREDERICK J. HERTZ, Bankruptcy Judge.

This cause comes to be heard on a motion by defendant Sears Bank and Trust Company (hereinafter referred to as Sears) to dismiss Count I of a complaint filed by the debtor, T.C.I. Limited (hereinafter referred to as T.C.I.), to foreclose on a mechanic's lien.

On June 7, 1978, T.C.I. entered into a contract with defendants Dimitris Angelopoulous, Thom Angelos, and Jim Karonis (hereinafter referred to as Angelopoulous et al.) to construct a restaurant and banquet facility on realty leased by Angelopoulous et al. The realty in question was owned by Sears, as trustee under an Illinois land trust. T.C.I. completed its work under the contract in April of 1979. Subsequently, on November 12, 1980, T.C.I. filed a petition under Chapter 11 of the Bankruptcy Code. On December 16, 1981, T.C.I. filed the complaint herein to foreclose on a mechanic's lien stemming from its work under the contract.

Illinois law provides that a claim for a mechanic's lien must be asserted against an owner of realty within two years after the completion of the work under the contract. Ill.Rev.Stat. Ch. 82, § 7 (1979). Sears and Angelopoulous et al. have moved to dismiss T.C.I.'s complaint because it was not filed until December 16, 1981, more than two years after the completion of the contract. T.C.I., however, argues that since its bankruptcy petition was filed within two years from the completion of the contract, its right to assert its claim for a mechanic's lien was preserved by operation of either Section 362(a) or Section 108(a) of the Bankruptcy Code. Consequently, the issue to be decided by this court is whether Section 362(a) or Section 108(a) can toll the two year limitations period of the Illinois Mechanics' Liens Act.

Upon the filing of a petition in bankruptcy, Section 362(a) of the Bankruptcy Code stays all actions against a debtor or a debtor's estate. 11 U.S.C. § 362(a) (1979). The Congressional intent behind Section 362(a) is to freeze a debtor's estate at the time of his bankruptcy petition in order to provide for the orderly distribution of his

assets to his creditors. This intention is evidenced by the Legislative History to Section 362(a), which states:

> The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.
>
> The automatic stay also provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who acted first would obtain payment of the claims in preference to and to the detriment of other creditors. Bankruptcy is designed to provide an orderly liquidation procedure under which all creditors are treated equally. A race of diligence by creditors for the debtor's assets prevents that.

H.R.Rep.No.595, 95th Cong., 1st Sess. 340 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787.

In the case at bar, T.C.I. argues that Section 362(a) stays all actions concerning a debtor, thereby tolling the two year limitations under the Illinois Mechanics' Liens Act and allowing T.C.I. to assert its claim for a mechanic's lien against the realty owned by Sears. However, by interpreting Section 362(a) in this manner, T.C.I. is attempting to stay its own actions rather than the actions of creditors against its estate. Since the plain meaning of Section 362(a) as well as its Legislative History unambiguously restrict its scope to actions against a debtor or the debtor's estate, this court holds that Section 362(a) does not stay the period of time in which T.C.I. can assert its claim for a mechanic's lien under Illinois Law.

T.C.I. further argues that the situation herein is closely analogous to the tolling of the redemption period for mortgage foreclosures. *See e.g. Moratzka v. Lanesboro State Bank (In re Johnson)*, 8 B. R. 371 (Bkrtcy.D.Minn.1981) (automatic stay of Section 362(a) applies to mortgage foreclosure redemption periods). This, however, illustrates precisely the weakness in T.C.I.'s argument. The critical distinction between the tolling of a mortgage foreclosure redemption period and the situation herein is that the foreclosure of a mortgage on realty owned by a debtor involves an action against property of the debtor's estate whereas T.C.I.'s assertion of a mechanic's lien involves an action by a debtor against the property of a third party. Based on the intent of Congress to prevent harassment of a debtor, it is logical that the automatic stay of Section 362(a) could extend to the foreclosure of a debtor's mortgage, but not to the assertion of a mechanic's lien by a debtor against the property of another.

■ As to whether Section 108(a) will toll the period in which a claim for a mechanic's lien must be made under Illinois law, this section provides:

> (a) If applicable law, an order entered in a proceeding, or an agreement fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of—
>
> > (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; and
> >
> > (2) two years after the order for relief.

11 U.S.C. § 108(a) (1979). This section is also enforceable by a debtor through the operation of Section 1107 of the Bankruptcy Code. 11 U.S.C. § 1107(a) (1979) ("a debtor in possession shall have all the rights ... and powers ... of a trustee in a case").

Sears argues that Section 108(a) applies only to statutes of limitations. Since the time limit contained in the Illinois Mechanics' Liens Act is a provision of substantive law rather than a mere procedural statute of limitations, *North Side Sash and Door v. Hecht*, 295 Ill. 515, 129 N.E. 273 (1920) (timely filing is a condition precedent to the right of recovery under Mechanics' Liens Act), Sears concludes that Section 108(a)

does not toll the two year filing requirement of the Illinois Mechanics' Liens Act.

Whether Section 108(a) will toll a provision of substantive law, such as the limitations period of the Illinois Mechanics' Liens Act, is apparently a case of first impression since none of the parties in this case have been able to cite to any applicable case law. Section 108 of the Bankruptcy Code, however, was based on Section 11 of the prior Bankruptcy Act. H.R.Rep. 595, 95th Cong., 1st Sess. 318 (1977). More specifically, Section 108(a) of the Code is substantially the same as Section 11(e) of the prior Act. Herzog and King, *Bankruptcy Code Part 3*, § 108 at 46, Comment (1979 Collier Pamphlet Ed.). Consequently, the cases involving Section 11(e) of the prior Act provide guidance as to the interpretation of Section 108(a) of the Code.

In *Engstrom v. De Vos*, 81 F.Supp. 854 (E.D.Wash.1949), the trustee for the debtor brought a suit under a state statute that permitted the recovery of an unlawful preference. The statute contained a time limitation which was a condition precedent to bringing the suit. The *Engstrom* court held that upon filing a petition in bankruptcy, Section 11(e) preserved the debtor's right of action and extended the period in which the debtor could assert his rights for two years. *Id.* at 859. In addition, *Engstrom* stated that Congress intended to supersede this type of state statutory time limitation when it enacted Section 11(e). *Id.*

Similarly, the court in *Dower v. Bomar*, 313 F.2d 596 (5th Cir. 1963) was faced with a Florida statute which contained a time limitation that was a substantive right. The court rejected the defendant's claim that a state substantive right could not be tolled by a federal statute of limitations and adopted in total the reasoning of *Engstrom* with regard to the construction of Section 11(e). *Id.* at 598–99.

Sears cites the case of *In re Appalachian Publishers, Inc.*, 29 F.Supp. 1021 (E.D.Tenn. 1939), for the proposition that the prior Bankruptcy Act did not extend the time in which a suit may be brought. *Appalachian Publishers*, however, was significantly discredited by *Engstrom* which pointed out that *Appalachian Publishers* failed to discuss Section 11(e) and was decided before the United States Supreme Court indicated that Section 11(e) should be given a broad scope. *Herget v. Central Bank Co.*, 324 U.S. 4, 65 S.Ct. 505, 89 L.Ed. 656 (1945).

The import of *Engstrom, Dower*, and *Herget* is that Section 11(e) of the prior Act tolled time limitations which constituted provisions of substantive law in addition to time periods which were statutes of limitations. Therefore, this court holds that upon filing a petition in bankruptcy, Section 108(a) also tolls state statutory time periods, even if the time periods constitute a condition precedent to asserting a cause of action. *Cf., Discount Plywood Centers, Inc. v. Didio*, 11 B. R. 866, 869 (Bkrtcy.E.D.Pa. 1981) (Section 108(a) does not extend time limitations where the limitations period expires before the filing of the bankruptcy petition). Since in the case at bar T.C.I.'s Chapter 11 petition was brought within two years after the completion of its work under the contract with Angelopoulous et al., the limitations period contained in the Illinois Mechanics' Liens Act was tolled, and T.C.I. had an additional two years from the date of its petition to assert its claim for a mechanic's lien. Since T.C.I.'s suit to foreclose its claim for a mechanic's lien was brought within this second two year period, T.C.I.'s claim for a mechanic's lien was filed in a timely manner. Consequently, Sears' motion to dismiss Count I of T.C.I.'s complaint is denied.

T.C.I. is to furnish a draft order in accordance with this opinion within five days.*

---

\* This decision is entered in compliance with the stay of enforcement until October 4, 1982 of the United States Supreme Court decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) and the General Order of the United States District Court for the Northern District of Illinois (July 14, 1982).