In re AMS REALTY, INC., a California Corporation, Debtor.

AMS REALTY, INC., a California Corporation, Plaintiff,

v.

John TAO, and Jeffrey Schainen, Defendants.

Bankruptcy No. LA 87–08053 AG.
Adv. No. LA 89–1682 AG.

United States Bankruptcy Court, C.D. California.

April 9, 1990.

Barry E. Jones, Sherman Oaks, Cal., for plaintiff, AMS Realty, Inc.

Patricia Hughes Torres, Torres, Norwood & Barta, Montrose, Cal., for defendant, John Tao.

## MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS COMPLAINT AND ORDER

ARTHUR M. GREENWALD,
Bankruptcy Judge.

### STATEMENT OF THE CASE

On April 24, 1989, the Debtor filed a Chapter 11 petition, which was converted to Chapter 7 on July 29, 1987, and a Chapter 7 Trustee duly appointed thereafter.

On August 17, 1989, the Debtor filed an adversary action against the defendants, John Tao and Jeffrey Schainen, seeking money damages for an alleged breach of a real estate sales contract. The complaint alleges that the defendants were owners of certain real property and that they had entered into a written agreement with the Debtor on June 16, 1983, regarding the sale of this property together with the payment of a certain real estate commission. The property was sold on May 17, 1984. However, the commission called for in the agreement allegedly has not been paid.

Previous to the filing of the adversary action, Mildred Carroll, the Debtor's agent, filed on January 2, 1986 a similar contract action in State court against the defendants and the Debtor seeking to recover the commission she allegedly earned as a result of the May 17, 1984 sale. The action is pending. Since the petition date, no request has been made to lift the automatic stay, nor a trial date set.

In response to the adversary complaint before this Court, the Defendant, John Tao, filed a motion to dismiss the complaint on the grounds that the complaint fails to state a claim upon which relief can be granted.

As grounds for his motion, the Defendant Tao takes the position that the applicable State statute of limitations, as prescribed in § 337 of the California Code of Civil Procedure, bars the Debtor's recovery and accordingly, the Debtor's action should be dismissed with prejudice. Defendant Tao also asserts that the extension provisions of 11 U.S.C. § 108(a) do not alter this result, as the complaint was filed after the running of these extension periods.

The Debtor, on the other hand, asserts that (1) the filing by Mildred Carroll of the State action tolled the period prescribed in C.C.P. § 337; (2) the stay provisions of 11 U.S.C. § 362(a)(1) tolled C.C.P. § 337; (3) 11 U.S.C. § 108(a) tolled C.C.P. § 337; and (4) the Doctrine of Equitable Tolling applies so as to permit relief in this case.

## QUESTIONS PRESENTED

1. Whether C.C.P. § 337 bars recovery in this case.

2. Whether C.C.P. § 337 is tolled by Mildred Carroll filing her State court action, or by 11 U.S.C. § 362(a)(1) and 11 U.S.C. § 108(a).

3. Whether the Doctrine of Equitable Tolling is applicable in the instant case.

## DECISION

The Court, having considered the contents of the moving and opposing papers, and the arguments of counsel, grants Defendant Tao's motion to dismiss with prejudice. The Court finds that the complaint fails to state a claim upon which relief can be granted in that the period of limitations prescribed in C.C.P. § 337 ran before the filing of the complaint. This result cannot be corrected by amendment to the complaint. Contrary to the Debtor's contentions, C.C.P. § 337 was not tolled by Mildred Carroll filing her State court action; nor by 11 U.S.C. § 362(a) and 11 U.S.C. § 108(a). In addition, the Doctrine of Equitable Tolling has no application to the instant case.

## DISCUSSION

The Instant Adversary Action Is A Core Proceeding

■ 28 U.S.C. § 157(b)(1) prescribes that bankruptcy judges may hear and determine all cases under Title 11 and all core proceedings arising under Title 11 or arising in a case under Title 11 and may enter appropriate orders and judgments, subject to appeal under 28 U.S.C. § 158.

28 U.S.C. § 157(a)(2) defines core proceedings to include, but not limited to, certain prescribed matters set forth therein. 28 U.S.C. § 157(b)(3) provides that a bankruptcy judge shall determine whether a proceeding is core.

In the instant case, this Court finds that the adversary action in question is a core proceeding under 11 U.S.C. § 157(b)(2)(O), as this action is one for the recovery of a real estate commission allegedly owed by the Defendants to the Debtor, the owed commissions being property of the estate.

The Debtor Is Not A Proper Party Plaintiff

■ 11 U.S.C. § 704 prescribes the duties of a Chapter 7 Trustee. These duties include the collecting and reducing to money the property of the estate. In this case the property of the estate is the real estate commission sought to be recovered from the Defendants. Collection of this commission is sought through the instant adversary action.

This Court finds that, in accordance with § 704, the instant adversary action should have been brought by the Chapter 7 Trustee and not by the Debtor, as the action seeks to collect money which is property of the estate. Accordingly, it is subject to dismissal under Bankruptcy Rule 7012(b) and Rule 12(b) on the grounds that the Chapter 7 Trustee, and not the Debtor, is the proper party plaintiff. However, to dismiss the action would not be productive were the Chapter 7 Trustee to be substituted as the plaintiff. This Court concludes that, for the reasons herein stated, had the action been brought by the Chapter 7 Trustee, this Court would grant the Defendant Tao's motion to dismiss because the applicable State statute of limitations, as prescribed in C.C.P. § 337, would bar the Trustee's recovery.

The Provisions Of C.C.P. § 337 And 11 U.S.C. § 108(a) Ran Before The Filing Of The Complaint

C.C.P. § 337 prescribes a four-year period of limitations regarding action brought on a contract. In the instant case, it is alleged, and there is no dispute, that the contract action in question accrued on May 17, 1984, the date the property was sold. Further, there is no dispute that the four-year period of limitations prescribed in C.C.P. § 337 ran on May 17, 1988, unless extended by § 108(a) or otherwise tolled. The complaint in question was filed on August 17, 1989, well after the four-year period.

■ The Debtor contends that the extension provisions of § 108(a) would allow a Chapter 7 Trustee to pursue the instant

action.[1] The Debtor's contention is without merit.

In the case of *Seawinds, Ltd. v. Nedlloyd Lines, B.V.,* 80 B.R. 181, 187 (N.D. Cal.1987), affirmed 846 F.2d 586 (9th Cir. 1988), the District Court stated, in pertinent part:

> Title 11 U.S.C. section 108(a) provides: If applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding or an agreement fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of—(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or (2) two years after the order for relief.

Section 108(a) thus establishes three requirements. First, the applicable nonbankruptcy law must "fix a period within which the debtor may commence" the action. Second, the debtor must file for bankruptcy before expiration of that period. Finally, the debtor must commence the action before expiration of the extension period. This statute applies to debtors as well as trustees. *In re Santa Fe Development and Mortgage Corp.,* 16 B.R. 165, 167 n. 1 (9th Cir. BAP 1981); *In re T.C.I. LTD.,* 21 B.R. 876, 878 (Bankr.N.D.Ill.1982); *see also* 11 U.S.C. § 1107(a) ("[A] debtor in possession shall have all the rights ... and powers ... of a trustee serving in a case under this chapter.") Since the filing of the petition for bankruptcy constitutes entry of an "order for relief" within the meaning of the statute, *In re Glenn* 760 F.2d 1428, 1437 n. 6 (6th Cir.), *cert. denied subnomine Miller v. First Federal of Michigan,* 474 U.S. 849, 106 S.Ct. 144, 88 L.Ed.2d 119 (1985), section 108(a) provides a "tolling period" of at least two years after the plaintiff-debtor files a petition for bankruptcy.

In *Collier on Bankruptcy,* Vol. 2, ¶ 108.2, the following is stated regarding § 108(a).

> Section 108 provides that the period for bringing suit is two years from the order of relief, in bankruptcy, unless applicable non-bankruptcy law states a longer period.

■ Contrary to the Debtor's contention, § 108(a) does not aid a Chapter 7 trustee or the Debtor in the instant case, as, though the bankruptcy petition was filed within the four-year period prescribed in C.C.P. § 337, the extension period prescribed in § 108(a) ran prior to the filing of the adversary action and therefore bars the instant adversary action.

Addressing subsection (a)(2) first, the order of relief was filed on April 24, 1987, *i.e.* the date the Voluntary Chapter 11 petition was filed. In accordance with subsection (a)(2), a trustee would have until April 24, 1989 to file a complaint. The complaint was not filed until August 17, 1989, well after the two-year period prescribed in subparagraph (a)(2). Therefore, the extension time prescribed in subsection (a)(2) would not aid a Chapter 7 Trustee in this case.

As to subsection (a)(1), C.C.P. § 337 ran on May 17, 1988, four years after the accruing of the action, and well before the commencement of the adversary complaint. Subsection (a)(1) would not benefit a Chapter 7 Trustee in the instant case because the four-year period of limitations ran prior to the filing of the adversary action. Subsection (a)(1) would have application, however, if C.C.P. § 337 were tolled before the filing of the adversary action, so as to make the filing of the adversary action timely.

The Debtor argues that a tolling did occur, so as to permit a Chapter 7 Trustee to pursue the instant action. He presents two arguments in support of his contention. The first is that Mildred Carroll's State court action tolled § 337 to the present. The second is that the automatic stay prescribed in 11 U.S.C. § 362 and the provisions of 11 U.S.A. § 108(a) also tolled § 337

---

1. It should be noted that § 108(a) could only be utilized by a trustee or a Chapter 11 debtor in possession, not a Chapter 7 Trustee. *Collier on Bankruptcy,* Vol. 4, ¶ 108.02, p. 108–6.

to the present time. These arguments lack merit, however.

Pursuant to California law, the commencement of an action suspends the statute of limitations as to matters arising out of transactions set forth in the complaint, *McDougald v. Hulet*, 132 Cal. 154, 64 P. 278 (1901), and tolls the statute as to persons who are party defendants to the action. See 43 Cal.Jur.3d, ¶ 124 and cases cited therein. Though both actions involve the same contract, the filing of the State court action would not toll § 337 as to a Chapter Trustee in the instant case, as the Trustee is not a party to the State court action.

In support of his contention that the automatic stay tolls C.C.P. § 337, the Debtor relies upon the case of *In re T.C.I. Ltd.*, 21 B.R. 876 (Bkrtcy.N.D.Ill., E.D. 1982). The Debtor's reliance upon the *T.C.I.* case is misplaced, as the Court in that case stated that the scope of § 362 is limited to actions against the Debtor. In this regard, the Court pointed out that the Congressional intent behind § 362(a) is to freeze a debtor's estate at the time of his bankruptcy petition in order to provide for an orderly distribution of his assets to his estate. Its purpose is to protect an estate from actions *by creditors* against the estate. *In re T.C.I., Ltd.*, 21 B.R. at p. 878. It does not extend to an action brought by a Chapter 7 Trustee or a debtor. In the instant case, the automatic stay would not toll § 337 because § 362 has no application to an action brought by a Chapter 7 Trustee, or for that matter, the Debtor.

Finally, the Debtor's contention that § 108(a) tolls § 337 also is without merit and its reliance on the *T.C.I.* case again misplaced. The *T.C.I.* case recognizes that § 108(a) may toll a State statute of limitations when the bankruptcy petition is filed within the period prescribed in the State statute. Where that occurs, an adversary action may be brought within two years of the filing of the petition.

In the instant case, however, though the petition was filed within the four-year period prescribed in § 337, the instant adversary action was filed well after the two-year period prescribed in § 108(a)(2). As such, the time period prescribed in § 108(a)(2) ran before the complaint was filed.

As to the application of § 108(a)(1), C.C.P. § 337 ran well before the adversary complaint was filed. Therefore, § 108(a)(1) has no application unless § 337 was tolled. No tolling occurred, either by the filing of the State court action, or by virtue of § 362(a).

**The Doctrine Of Equitable Tolling Is Not Applicable**

The Supreme Court has indicated that where a federal court has applied a state statute of limitations, the federal court should also apply the state's tolling provisions. *See Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975).

California recognizes the Doctrine. *See Bollinger v. National Fire Insur. Co.*, 25 Cal.2d 399, 154 P.2d 399 (1944). In order for the Doctrine to apply, there must be present (1) a continuation of a prior case with the same parties; (2) a denial of relief in one court because of a procedural or technical defect or because of error of the trial court and (3) conduct of the defendants which led plaintiff beyond the applicable period of limitations. *See Bollinger v. National Fire Insur. Co., supra; Wood v. Elling Corp.*, 20 Cal.3d 353, 361, 142 Cal.Rptr. 696, 572 P.2d 755 (1977).

The Debtor has taken the position that the Doctrine should be applied to the instant case to permit the Debtor to acquire the relief requested, irrespective of C.C.P. § 337. This Court finds that the elements for the application of the Doctrine, pursuant to California law, are not present in the instant case. Specifically, the instant adversary action is not a continuation of the State Court action. Further, there has been no disposition of the State Court proceedings.

## ORDER

In accordance with the Court's Memorandum of Decision, Plaintiff's complaint for

money damages is dismissed with prejudice.