IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10814

_____

In the Matter of:  BILLY G. ARMSTRONG,

                        Debtor

_____

UNITED STATES OF AMERICA,

          Appellant,

     v.

WILLIAM T. NEARY,

          Appellee.

---------------------------------
Appeal from the United States District Court
for the Northern District of Texas
---------------------------------
March 8, 2000

Before POLITZ, DeMOSS and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:

     The United States of America, on behalf of the Internal
Revenue Service [IRS], appeals from the district court's
affirmation of a bankruptcy decision granting the trustee of
debtor's estate a refund of taxes.  At issue in this case is
which statute controls when the statute of limitations for filing
a tax refund claim, contained in the Internal Revenue Code, and
the turnover provision for Chapter 7 bankruptcy appear to be in
conflict.  On the narrow and unusual set of facts before us, we
find that the Internal Revenue Code provisions control in this
case and therefore reverse the judgment of the court below.

## I. *Facts and Procedural History*

Taxpayer Billy Armstrong filed his 1984 federal tax return in September of 1985. That return resulted in an assessment against him for the amount of $140,997.80. Armstrong signed IRS form 872-A on March 10, 1988, which extended the time within which the IRS could assess additional taxes against him for the 1984 tax year. The IRS executed the form on March 14. By the terms of the form, the agreement would terminate with the assessment of additional taxes. Form 872-A provides that the taxpayer may file a claim for refund at any time up to six months after the extended assessment period ends.

Armstrong filed for bankruptcy under Chapter 11 on September 1, 1989. The extended assessment period for the 1984 tax year was still open at that time. The IRS filed a proof of claim for unpaid taxes, including those thought owed for the 1984 tax year, on October 5, 1989. The bankruptcy court converted Armstrong's action into a Chapter 7 proceeding on November 14, 1989. The bankruptcy court discharged Armstrong from bankruptcy on March 26, 1990, although the Chapter 7 proceeding itself continued.

Taking the view that his discharge lifted a stay on assessment against Armstrong, the IRS made an additional assessment following notice of deficiency in the amount of $532,726 for the 1984 tax year on January 2, 1991. The IRS levied and collected $140,034.58 against that amount. According

to form 872-A, Armstrong would have had six months, or until July 2, 1991, to file a claim for a full refund of taxes paid for 1984. Neither Armstrong nor the bankruptcy trustee filed a refund claim within that six-month period.

On November 14, 1991, the IRS filed an amended proof of claim against the bankruptcy estate of which $ 338,510 pertained to the 1984 tax year. The bankruptcy court denied the IRS proof of claim relating to 1984 taxes in a judgment dated March 21, 1995.

In May of 1993, Armstrong filed an adversary proceeding against the United States in which he substantiated losses which, when carried back to the 1984 tax year, reduced his 1984 tax liability to $14,758. Armstrong therefore argued that he was entitled to a refund of the $140,034.58 which he had paid for 1984 taxes since his discharge from bankruptcy. The United States argued that Armstrong had failed to satisfy the procedural requirements contained in I.R.C. §§ 7422(a) and 6511, governing the filing of refund claims.

In March of 1995, Armstrong filed an administrative claim for refund with respect to the 1984 taxes. The IRS conceded that Armstrong was entitled to any payments made for the 1984 tax year in the two years prior to filing the administrative claim, under I.R.C. § 6511(b)(2)(B). The government further stipulated that with the carryback of operating losses, Armstrong's adjusted tax liability for 1984 was only $14,758. The bankruptcy court found

--3-

that Armstrong's 1993 initiation of an adversary proceeding constituted an informal refund claim and that he was therefore entitled to refund of all money paid in the two years previous to the commencement of that action.  Armstrong therefore received a refund of $140,034.58 – i.e. the amount collected post-discharge for his 1984 taxes.

On December 20, 1996, the trustee in Armstrong's Chapter 7 bankruptcy[1] filed an administrative claim, seeking a refund of the amounts in excess of the recently stipulated 1984 tax liability that Armstrong had paid prior to filing for bankruptcy. That amount totaled $126,240.  On April 22, 1997, the trustee filed an adversary proceeding against the United States in the bankruptcy court, seeking the same refund as in his administrative claim.    The United States moved to dismiss or, in the alternative, for summary judgment on the grounds that the trustee's refund claim was filed too late, i.e. after July 2, 1991 (six months after the final assessment of taxes against Armstrong for the 1984 tax year).  The trustee argued that he was not bound by the statute of limitations for refund claims in the Internal Revenue Code because of the automatic stay provisions under the Bankruptcy Code, and that even if his refund claim was not timely, the automatic turnover provision in the Bankruptcy Code would require the government to refund the overpaid amount

---

[1]The trustee at the time was Dale L. McCullough.  He has since been succeeded in that role by appellee here, William T. Neary.

once that amount was certain.

The bankruptcy court held that the trustee had not filed a timely refund claim but that the estate was nonetheless entitled to a refund under the automatic turnover provision in 11 U.S.C. § 542(a). The United States appealed to the district court, which affirmed the judgment of the bankruptcy court. The United States appeals.

## II. *Analysis*

The facts in this case are not in dispute. The primary issues on appeal are whether the trustee's refund claim was in fact timely given the automatic stay provision in the Bankruptcy Code and whether the automatic turnover provision at 11 U.S.C. § 542(a) obviated the need for a refund claim once the amount of the debtor's tax overpayment had become certain. Appellee raises the additional issues of whether the filing of a proof of claim for 1984 taxes by the IRS exempted him from having to file a refund claim and whether his refund claim was a compulsory counterclaim and therefore not barred by any statute of limitations.

We apply the same standards of review to the bankruptcy court's findings of fact and conclusions of law as those applied by the district court. *See Kennard v. MBank Waco, N.A. (In re Kennard)*, 970 F.2d 1455, 1457 (5th Cir. 1992). Because the issues on this appeal are questions of law, we review the

judgment of the bankruptcy court de novo. *See Traina v. Whitney Nat'l Bank*, 109 F.3d 244, 246 (5th Cir. 1997).

A.    *Whether the trustee's refund claim was timely.*

The IRS argues and the bankruptcy court found that the trustee's refund claim, filed in 1996, was outside the statute of limitations established by I.R.C. § 6511. The trustee argues that the claim was timely because the automatic stay provision in the Bankruptcy Code in combination with the agreement between Armstrong and the IRS to extend the time for assessment of 1984 taxes acted to toll the statute of limitations. We agree with the IRS and the bankruptcy court on this point and find that the trustee's claim was not timely under I.R.C. § 6511.

I.R.C. § 6511 dictates the time frame for filing of refund claims. I.R.C. § 6511(a) provides that a refund claim must be filed within three years of the time the return was filed or within two years from the time the tax was paid. I.R.C. § 6511(b)(1) provides that no refund shall be allowed or made unless a claim was filed within the limits set up by § 6511(a). I.R.C. § 6511(c) supplies an addendum to the filing deadlines: in the case of an agreement to extend the time for additional assessments, the time for filing will not expire before six months after the termination or expiration of the agreement.

Thus, according to § 6511, the time for filing a full refund

claim in the present case would expire six months after the termination of the agreement contained in Form 872A, or July 2, 1991. Under § 6511, Armstrong could file a refund claim after that date in order to recover any taxes paid within the two years prior to filing the claim. The bankruptcy court construed Armstrong's 1993 filing of an adversary proceeding as a an informal refund claim and therefore awarded him the taxes paid within two years prior to that filing.

The trustee contends that while the statute of limitations for filing a full refund claim may have run for Armstrong individually on July 2, 1991, the automatic stay imposed at the beginning of a bankruptcy proceeding allows a trustee to file for a refund of pre-petition taxes at any time during the pendency of the bankruptcy case. The automatic stay provision in the Bankruptcy Code, 11 U.S.C. § 362, would thus create an implied exception to the time limits set out in I.R.C. § 6511.

We agree with the United States and the bankruptcy court that the trustee's claim was not timely under I.R.C. § 6511. Section 6511 contains very specific terms dictating the circumstances under which a refund claim may be filed. Other terms tolling the statute should not be implied into it without evidence of legislative intent. *See United States v. Brockamp*, 519 U.S. 347, 350-53 (1997) (holding that no implied equitable tolling term may be read into § 6511 because the language of the

statute and Congressional intent are to the contrary); *see also*
*Firsdon v. United States*, 95 F.3d 444 (6th Cir. 1996)(holding
that the statute of limitations contained in § 6511 is not tolled
during the pendency of the bankruptcy suit).  The trustee did not
file his refund claim within the parameters of § 6511 and it was
therefore not timely under that section.

Furthermore, the automatic stay imposed by the Bankruptcy
Code does not operate in the manner that the trustee suggests.
The automatic stay contained in Bankr. Code § 362 would prohibit
further action against property in the bankruptcy estate by the
IRS.  The stay would not, however, extend indefinitely the time
for a trustee to take action against the IRS.

According to the trustee's interpretation of § 362, the
statute of limitations contained in I.R.C. § 6511 would be tolled
until the conclusion of the bankruptcy.  Yet the automatic stay
is not designed to suspend all statutes of limitations applicable
to the trustee, *see Gordon v. Whitmore (In re Merrick)*, 175 B.R.
333, 337 n. 6 (B.A.P. 9th Cir. 1994) (listing cases); *AMS Realty,
Inc. v. Tao (In re AMS Realty, Inc.)*, 114 B.R. 229 (Bankr. C.D.
Cal. 1990), and the trustee points to no controlling authority
showing that I.R.C. § 6511, in particular, should be overridden
by Bankr. Code § 362.  In absence of such a demonstration, we
conclude that Bankr. Code § 362 does not toll the statute of

limitations for the filing of a refund claim by a bankruptcy trustee under I.R.C. § 6511.[2] *See Bugge v. United States (In re Bugge)*, 99 F.3d 740, 745 (5th Cir. 1996) ("We decline judicially to engraft further exceptions to the statute of limitations beyond those provided by Congress").

B.   *Whether the IRS was compelled to surrender the debtor's tax overpayments to the bankruptcy estate by* 11 U.S.C. § 542(a).

The trustee contends, and the bankruptcy court agreed, that it was unnecessary for him to file a refund claim under I.R.C. § 6511 because the automatic turnover provision in the Bankruptcy Code required the IRS to return Armstrong's pre-filing overpayment to the trustee as soon as the amount of overpayment became certain.  According to this theory, the IRS would have had

---

[2]We note that the Bankruptcy Code provides a reprieve from the statute of limitations clock for both debtor and trustee once bankruptcy has been filed.  11 U.S.C. § 108 extends the time in which a trustee or debtor may commence an action or file a pleading, etc. for the later of the expiration of the statute of limitations or two years after filing for bankruptcy for commencing an action under § 108(a) and for sixty days after filing for the actions indicated by § 108(b).  The trustee's adversary proceeding, commenced in 1997, occurred after both the expiration of the statute of limitations contained in I.R.C. § 6511 and any extension of time granted by Bankr. Code § 108. (Bankr. Code § 108 does not apply to the filing of administrative claims under the Internal Revenue Code.  *See TLI, Inc. v. United States*, 100 F.3d 424, 427 (5th Cir. 1996)).

to turn over the overpayment when it entered the stipulation with Armstrong in 1995.  This is so even though I.R.C. § 6511(b)(2)(A) states in mandatory terms that "no credit or refund shall be allowed" unless the limitations period contained in that section is adhered to.

The argument on this issue appears to present a question of first impression in this Circuit and on which there is no direct instruction from the Supreme Court.  We must base our decision upon the statutory language in question therefore, looking to the interaction of the statutory schemes apparently in conflict.  One basic principle of statutory construction is that where two statutes appear to conflict, the statute addressing the relevant matter in more specific terms governs.  *See Crawford Fitting Co. v. J.T. Gibbons, Inc.* 482 U.S. 437, 445 (1987) (superseded by statute on other grounds); *Mennor v. Fort Hood Nat'l Bank*, 829 F.2d 553, 557 (5th Cir. 1987).  A similar principle applies to interpretation of various sections of the same enactment.  A provision must be considered in context, *see United States v. Deal*, 508 U.S. 129, 132 (1993); *Reich v. Arcadian Corp.*, 110 F.3d 1192, 1195-96 (5th Cir. 1997), and the more specific provision within a statute prevails.  *See Nobleman v. American Sav. Bank (In re Nobleman)*, 968 F.2d 483, 487-88 (5th Cir. 1992).  We can only reason by analogy from decided cases touching on the refund

provisions of § 6511 and the automatic turnover provision of 11

U.S.C. § 542(a).[3]

The bankruptcy court held that normally, the trustee would

be bound by the statute of limitations for refund claims under

I.R.C. § 6511 but that where, as here, the amount of overpayment

has been agreed upon the refund becomes "liquidated" and, as a

sum certain paid in error by the debtor before filing for

bankruptcy, must be turned over to the trustee automatically as

property of the estate under 11 U.S.C. § 542(a).  While this is

admittedly a close case and without directly controlling

precedent, we disagree with the bankruptcy court's holding that a

stipulation by the government to the amount of overpayment

exempts the trustee from the filing requirements in I.R.C. §

---

[3]The Eighth Circuit recently considered a case raising the question of whether a bankruptcy trustee must comply in all circumstances with I.R.C. §§ 6511 and 7422. *See United States v. Kearns*, 177 F.3d 706 (8th Cir. 1999).  The Eighth Circuit panel held that §§ 6511 and 7422 did not deprive a bankruptcy court of jurisdiction to determine tax liability for a particular year where a live proof of claim by the IRS was before it and consideration of an alleged later repayment of embezzled funds was necessary to decide the validity of the proof of claim.  While we express no opinion on our sister court's determination of the merits of that case, we do note that its holding was limited to its narrow set of facts.  More importantly, there was a live claim by the IRS before the bankruptcy court and according to the panel's interpretation of the facts, it would be "without purpose and irrational" to deprive the bankruptcy court of jurisdiction to consider the deduction claims.  *See id.* at 711.  The decision did not address the relationship between I.R.C. § 6511 and Bankr. Code § 542(a).  The Eighth Circuit's holding, thus limited to its unique facts, does not inform our resolution of the case before us.

--11--

6511.

Bankruptcy Code § 542(a) requires those in possession of property belonging to the bankruptcy estate to turn over that property to the trustee.[4]  The United States argues that § 542(a) is inapplicable to the refund amount in issue because it does not constitute property of the estate.  The government contends that monies paid into the treasury become property of the United States and are therefore different from the kinds of property normally subject to turnover, in which the current possessor only holds a lien or other such interest.  *See United States v. Nordic Village*, 503 U.S. 30, 39 (1992) (abrogated by statute on other grounds); *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 211 (1983) (seizure and levy do not determine IRS rights to the property but bring that property within the Service's custody).

We need not base our decision on whether money in the Treasury should be subject to turnover, because § 542(a) should not be construed in isolation and other portions of the bankruptcy code anticipate use of the refund mechanism under I.R.C. § 6511.  Bankruptcy Code § 505(a)(2)(B) provides, "The

_____

[4]11 U.S.C. § 542(a) provides:  "Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate."

court may not . . . determine any right of the estate to a tax refund, before the earlier of 120 days after the trustee *properly requests* such refund from the governmental unit from which such refund is claimed or a determination by such governmental unit of such request."[emphasis added].  A proper request under the Internal Revenue Code requires compliance with §§ 7422 and 6511. *See United States v. Ryan (In re Ryan)*, 64 F.3d 1516, 1520-21 (11th Cir. 1995).

Bankruptcy Code § 108 provides for a temporary extension of statutes of limitation to allow the trustee or debtor additional time to regroup after bankruptcy has been filed.  It does not anticipate a permanent suspension of all statutes of limitations.[5]  *See TLI, Inc. v. United States*, 100 F.3d 424 (5th Cir. 1997) (§ 108 does not toll statute for filing of administrative claims); *see e.g.*, *Hussmann v. Trans World Airlines, Inc.*, 169 F.3d 1151, 1153-54 (8th Cir. 1999); *Beck v.*

---

[5]The trustee cites to *Century Hotels v. United States*, 952 F.2d 107, 112 (5th Cir. 1992), and its passing reference to the "supremacy" of the Bankruptcy Code.  That decision's holding, that the cause should be remanded for consideration of whether the bankruptcy estate had a cognizable interest in seized funds, is inapposite here.  First, a taxpayer retains a continuing property interest in seized items, including funds, as opposed to money paid directly into the Treasury.  The property interest in the latter is bounded by I.R.C. § 6511.  Second, *Century Hotel*'s reference to the "supremacy" of the Bankruptcy Code relates to the district court's total failure to consider bankruptcy remedies in the proceedings below and does not, as dicta, create a sweeping and absolute rule in this Circuit.

*Deloitte & Touche*, 144 F.3d 732, 736 (11th Cir. 1998).

Furthermore, § 6511 is the more specific provision and therefore governs: § 542(a) is a provision of general application, relating to all property in which the estate has a continuing interest, while § 6511 creates and circumscribes a taxpayer's (and therefore the bankruptcy estate's) interest in a refund. *See Mennor v. Fort Hood Nat'l Bank*, 829 F.2d 553, 557 (5th Cir. 1987).

The two statutes can be harmonized by the simplest and most direct reading of the facts. Generally, the trustee acquires the same right to file a refund claim that the debtor had. *See Hays & Co. v. Merrill Lynch Pierce Fenner & Smith*, 885 F.2d 1149, 1154 (3d Cir. 1989) (noting that the trustee can only assert those causes of action possessed by the debtor); *see also* H.R. Rep. No. 595, 95th Cong. 1st Sess. (1978 U.S.C.C.A.N. 5787).[6] Because that right is created and circumscribed by § 6511 and nothing

---

[6]There are instances in which the trustee may have greater powers than the debtor, when such powers are specifically granted by the Code. In some circumstances, the trustee's powers under § 542(a) are greater than those of the debtor in that the trustee may recover property in which the debtor has a continuing interest as defined by § 541(a)(1). *See, e.g.*, *United States v. Whiting Pools*, 462 U.S. 198, 207 n.15 (1983) (trustee may use § 542(a) to obtain turnover of property which is seized but not owned by the United States through the IRS). Because the debtor does not have a continuing interest in the tax overpayment under § 541(a)(1), other than that created by § 6511, the trustee cannot use § 542(a) to create interests not otherwise in existence.

explicitly changes its terms, § 542(a) cannot be read to expand the right to file for a refund to give the trustee unlimited time so long as the bankruptcy continues.

The "liquidation" of the overpayment through the government's stipulation as to amount but not liability did nothing to alter the basic fact that the trustee filed for a refund after both the limitations period in I.R.C. § 6511 had lapsed and the IRS proof of claim had been denied. Bankruptcy Code § 542(a) does not in itself, or with the coincidence of a stipulation as to amount of overpayment, abrogate the overall statutory scheme requiring compliance with non-bankruptcy statutes of limitations.

C.   *Whether the IRS proof of claim relating to 1984 tax payments obviated any need for the trustee to file a refund claim.*

The trustee contends that by filing a proof of claim in the bankruptcy that related in part to 1984 taxes, the IRS waived both sovereign immunity and the statute of limitations as to any dispute over that year's taxes. The trustee argues that because the IRS put 1984 taxes in issue by filing a proof of claim, he had no need to file a separate refund claim in order to attain a refund of overpaid taxes. He further argues that his refund claim arose as a compulsory counterclaim and therefore was not

subject to the statute of limitations contained in I.R.C. § 6511.
The United States counters that under the Bankruptcy Code, a
proper refund claim is a jurisdictional prerequisite to
consideration of any refund due, that sovereign immunity and
limitations were not expressly waived and therefore still
applied, and that the trustee's refund claim does not constitute
a counterclaim in any event and therefore could not possibly
provide a route around the limitations period contained in §
6511.  On the procedural facts before us, we find that the
trustee's claim was filed too late to constitute a counterclaim
and, because it was filed after the IRS proof of claim had been
denied, any arguable waiver of sovereign immunity or the statute
of limitations would be unavailable.

The trustee argues that because his refund claim relates to
the same transaction as that addressed in the IRS proof of claim
for 1984 taxes, the refund claim is a compulsory counterclaim and
is therefore exempt from the refund procedures outlined in I.R.C.
§ 6511.[7]  We need not address whether the trustee's claim
constitutes a counterclaim or whether a refund claim that arises

---

[7]The government contends that the trustee's refund claim does
not constitute a counterclaim because it does not arise as a
pleading in an adversary proceeding.  *See TLI, Inc. v. United
States*, 100 F.3d 424, 427 (5th Cir. 1996) (administrative refund
claim precedes a tax action but does not commence one).  We need
not reach this issue because, even assuming *arguendo* that the
trustee's refund claim could be construed as a counterclaim, it
would not have been timely filed.

as a compulsory counterclaim escapes the statute of limitations in the Internal Revenue Code, since the trustee brought his claim too late.

A compulsory counterclaim cannot be raised at any time, but rather only while the claim to which it relates is still in issue. *See Crutcher v. Aetna Life Ins. Co.*, 746 F.2d 1076, 1080 (5th Cir. 1984). In the present case, the trustee did not file his refund claim in the bankruptcy court until after the IRS proof of claim that related to 1984 taxes had been denied. The bankruptcy itself is still ongoing, but the portion of it relating to 1984 taxes was closed on March 21, 1995 when the IRS claim was denied. The trustee filed too late for his refund claim to qualify as a compulsory counterclaim, and his argument regarding the statute of limitations' inapplicability to compulsory counterclaims is therefore moot.

In addition, the law is clear that a compulsory counterclaim shall not be used to expand claims against the United States beyond their limits as already established by law. *See* Fed.R.Civ.P. 13(d);[8] Bankr. R. 7013. The trustee would be entitled to raise the issue of any refund due as a defense to the

_____

[8]Fed.R.Civ.P. 13(d) provides: "These rules [relating to counter- and cross-claims] shall not be construed to enlarge beyond the limits now fixed by law the right to assert counterclaims or to claim credits against the United States or an officer or agency thereof."

IRS proof of claim relating to the 1984 tax year. *See Frederick v. United States*, 386 F.2d 481, 488 (5th Cir. 1967) (finding waiver of sovereign immunity as to counterclaims where the government has instituted an action, but not extending to relief exceeding in amount or different in kind to that claimed by the government). Failure to adhere to the administrative filing requirements and the statute of limitations could still be a jurisdictional bar to acquiring affirmative relief, however. *See F.D.I.C. v. Cheng*, 787 F.Supp. 625 (N.D. Tex. 1991) (failure to file administrative claim as required under Federal Tort Claims Act precluded bringing counterclaim in district court). Since the trustee did not file his refund claim while the IRS proof of claim was still before the bankruptcy court, no possible waiver of sovereign immunity or route around the jurisdictional requirements of §§ 7422 and 6511 was available.

## III. *Conclusion*

The trustee failed to file a refund claim within the statute of limitations contained in I.R.C. § 6511 and failed to raise the refund issue in the bankruptcy court while a live proof of claim by the IRS was still before it. Under the circumstances, we find that the trustee is now barred from recovering on his refund claim. We reverse the judgment of the court below and remand for proceedings consistent with this opinion.