In re: Jose C. RODRIGUEZ; In re Martha O. Rodriguez, Debtors,

Jorge Sandoval Valencia, Appellant,

v.

Jose C. Rodriguez; Martha O. Rodriguez, Appellees.

No. 05–55864.

United States Court of Appeals, Ninth Circuit.

Submitted April 9, 2007 *.

Filed April 11, 2007.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Marc A. Karlin, Esq., Karlin & Karlin, APC, Los Angeles, CA, for Appellant.

Rosendo Gonzalez, Esq., Gonzalez & Associates, Los Angeles, CA, for Appellees.

Before: CANBY, T.G. NELSON and SILVERMAN, Circuit Judges.

## MEMORANDUM **

In this adversary proceeding brought by the Debtors Jose and Martha Rodriguez, Jorge Sandoval appeals from the district court's decision affirming the denial of his motion to dismiss and motion for summary judgment. We have jurisdiction under 28 U.S.C. § 158(d), and affirm.

### A. Preclusive Effect of the 1998 Settlement Agreement

■ It is undisputed that the bankruptcy court did not approve the parties' July 27, 1998 settlement agreement, and that the Debtors' creditors did not have notice of that settlement. Thus, the 1998 settlement agreement violated the automatic stay, *see* 11 U.S.C. § 362(a),[1] rendering it void regardless of whether the Debtors challenged its validity in the bankruptcy court, *see In re Schwartz*, 954 F.2d 569, 571 (9th Cir.1992). We agree with the district court that the state court judgment enforcing the 1998 settlement agreement is necessarily void as well. *See In re Gruntz*, 202 F.3d 1074, 1082 n. 6 (9th Cir.2000) (en banc) ("judicial proceedings in violation of the stay are void *ab initio*"). Accordingly, the bankruptcy court was under no obligation to give that judgment preclusive effect in this adversary proceeding. *See id.* ("Infirm judgments are not entitled to full faith and credit in federal courts."). Sandoval's motion to dismiss on res judicata grounds was properly denied.

### B. Statute of Limitations On Debtors' Contract Claim

■ The parties' 1995 settlement agreement, on which the bankruptcy court's judgment is based, obligated Sandoval to pay the Debtors $50,000 by March 26, 1996, which he failed to do. The Debtors cross-claimed for breach of contract in state court on July 9, 1997, well within the four-year limitations period. *See* Cal. Civil Pro. § 337(1). Under California law, the filing of their cross-claim suspended the running of the limitations period. *See In re AMS Realty, Inc.*, 114 B.R. 229, 233 (C.D.Cal.1990).

■ We need not decide when the limitations period began to run again, because we believe that it could not have started any sooner than when the California Court of Appeal affirmed the trial court's judgment on March 22, 2001. Before that, the Debtors were actively litigating this case, trying to convince the state courts—unsuccessfully, as it turned out—that the 1998 settlement was void because it violated the automatic stay. When Sandoval sought entry of judgment following dismissal of the Debtors' first bankruptcy case, *In re Schwartz* should have alerted him that his settlement with the Debtors was no good, regardless of whether the Debtors were still in bankruptcy proceedings.

Assuming (without deciding) that the clock started to run again on March 22, 2001, the Debtors had a little over two and one-half years (4 years, less the 15 or so months that had already lapsed before they filed their cross-claim in state court) to implement a "plan B," e.g., re-filing their contract claims in the bankruptcy court, which they ultimately did on Octo-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The Bankruptcy Code prohibits any creditor actions that constitute the "commencement or continuation of any judicial, administrative, or other proceedings against the debtor." 11 U.S.C. § 362(a)(1).

ber 3, 2002, well before that time period expired. Accordingly, their adversary proceeding was not barred by California's four-year statute of limitations. The bankruptcy court properly denied Sandoval's motion for summary judgment.

## C. Execution of the 1995 Settlement Agreement

█ The bankruptcy court rejected testimony that Sandoval and the other purchasers did not intend for the 1995 settlement to be binding without his wife's signature. In light of the fact that the settlement agreement does not expressly provide that it is invalid unless all parties sign it, and that Sandoval later signed a memo in which he acknowledged the existence of the settlement and his obligation to pay $50,000, the bankruptcy court's finding on this point was not clearly erroneous. *See In re United Energy Corp.*, 944 F.2d 589, 593 (9th Cir. 1991) (bankruptcy court's findings of fact are reviewed for clear error).

## D. Unclean Hands

█ Sandoval argues that, as a matter of equity, the Debtors should not have been able to reassert their contract claims in an adversary proceeding because they were untimely in doing so, they hid the existence of their first bankruptcy case from the state court and they made misrepresentations during negotiations over the underlying purchase contract. They raised the same points before the bankruptcy court, which concluded that "neither party has unclean hands sufficient to bar recovery in this case." We owe the bankruptcy court significant deference on

this issue, *see In re George*, 177 F.3d 885, 890 (9th Cir.1999) (bankruptcy court's finding that party did not have "unclean hands" must be upheld unless clearly erroneous), and see no basis in the record to disturb its ruling.[2]

**AFFIRMED.**

---

**2.** Sandoval also claims that the Debtors have "unclean hands" because of their multiple bankruptcy filings. Sandoval fails to explain, however, how that relates to their dealings with him.