**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 01-21027

ELIZABETH PETER,

Plaintiff-Appellant,

VERSUS

GC SERVICES L.P.; DLS ENTERPRISES, INC.; and GC FINANCIAL
CORPORATION,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Texas

October 18, 2002

Before JOLLY, DUHÉ, and DENNIS, Circuit Judges.

DENNIS, Circuit Judge:

Plaintiff Elizabeth Peter appeals from the district court's grant of complete summary judgment in favor of Defendants GC Services, L.P., DLS Enterprises, and GC Financial Corp. on her claims alleging violations of various sections of the Fair Debt Collection Practices Act (FDCPA). Peter claims that a debt collection letter sent to her by GC Services included false

1

statements which obscured or confused the validation notice required by 15 U.S.C. § 1692g and which violated 15 U.S.C. § 1692e. She also alleges that the envelope in which that letter was sent, which gave the name and address of the Department of Education as the return address, violated 15 U.S.C. §§ 1692e(1),(14), and f(8).

We agree with the district court's determination that the collection letter did not violate the FDCPA. Because we believe that the envelope violates the FDCPA, however, we reverse the district court's grant of summary judgment for Defendants on the envelope claims, render judgment for Plaintiff, and remand this case to the district court for proceedings to determine damages.

**I.**

Plaintiff Elizabeth Peter received a letter dated April 12, 2000 from Defendant GC Services attempting to collect a student loan in the amount of $2,300 that she allegedly owed the Department of Education. The letter was two pages long, printed on both sides of one sheet of paper. The same block print is used throughout the letter, with no changes in font, and no underlining, bold type, or other emphases upon any one portion of the letter. The front of the letter read as follows:

> YOUR STUDENT LOAN, WHICH IS IN SERIOUS DEFAULT, HAS BEEN REFERRED TO GC SERVICES- A CONTRACTED PROFESSIONAL COLLECTION AGENCY- BY THE U.S. DEPARTMENT OF EDUCATION (ED). FULL COLLECTION ACTIVITY WILL CONTINUE UNTIL THIS ACCOUNT IS PAID IN FULL.
>
> ...

THE DEPARTMENT WILL CHARGE YOU FOR THE EXPENSES INCURRED TO COLLECT THIS ACCOUNT, AS AUTHORIZED BY THE HIGHER EDUCATION ACT OF 1965, AND YOUR PROMISSORY NOTE(S). THESE COLLECTION COSTS COULD ADD AS MUCH AS 25% TO THE AMOUNT NEEDED TO PAY THE ACCOUNT IN FULL.

TO AVOID FURTHER COLLECTION ACTIVITY, YOUR STUDENT LOAN MUST BE PAID IN FULL. SHOULD YOU FAIL TO PAY THIS AMOUNT IN FULL, GC SERVICES WILL REVIEW YOUR ACCOUNT AND MAKE RECOMMENDATIONS TO THE DEPARTMENT OF EDUCATION FOR THE MOST EFFECTIVE COLLECTION METHOD ALLOWABLE UNDER FEDERAL LAW.

...

NOTE: SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION.

The reverse side of the letter to which the note referred, in pertinent part provided:

IF YOU DO DISPUTE THE VALIDITY OF THIS DEBT, OR ANY PORTION THEREOF, IN WRITING, WITHIN THE THIRTY (30) DAY PERIOD, WE WILL OBTAIN VERIFICATION OF THE DEBT OR A COPY OF A COPY OF A JUDGMENT AND WILL MAIL A COPY OF SUCH VERIFICATION OR JUDGMENT TO YOU. AT YOUR REQUEST, IN WRITING, WITHIN THE THIRTY (30) DAY PERIOD, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR. THE DEMANDS FOR PAYMENT IN THIS LETTER DO NOT REDUCE YOUR RIGHTS TO DISPUTE THIS DEBT, OR ANY PORTION THEREOF, AND/OR TO REQUEST VERIFICATION WITHIN THE THIRTY (30) DAY PERIOD AS SET FORTH ABOVE.

This letter came in an envelope which had in the upper-left hand corner the following return address:

US Department of Education
P.O. Box 4144
Greenville, TX 75403-4144
Official Business

## II.

Plaintiff first appeals from the district court's grant of summary judgment to Defendant on her claim that the collection letter violated the validation notice requirements of § 1692g.

We review the district court's grant of summary judgment de novo. Taylor v. Perrin, Landry, deLaunay, and Durand, 103 F.3d 1232, 1234 (5th Cir. 1997). Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate where the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party must "demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In considering the motion we must view the evidence in the light most favorable to the non-moving party. Matsushita Elec. Indus Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). But "the nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998).

Section 1692g requires debt collectors within five days of the initial communication regarding a debt to provide debtors with written notice containing the amount of the debt and the name of the creditor to whom the debt is owed. § 1692g(a)(1)-(2). That section also requires a written statement to debtors explaining

4

that: (1) unless the debtor "disputes the validity of the debt" within 30 days, the debt collector will assume the debt is valid; (2) that if the debtor notifies the collector that she is disputing the debt in writing within the 30 day period, "the debt collector will obtain verification of the debt [from the creditor]...and a copy of [the] verification...will be mailed to the consumer"; and (3) that upon debtor's request the debt collector will give him the name and address of the original creditor, if the original creditor is different from the current one. § 1692g(a)(3)-(5). If the debtor requests verification of the debt or information on the original creditor, the debt collector must "cease collection of the debt...until the [requested information] is mailed to the consumer." § 1692g(b). However, the statute does not require the debt collector to inform the debtor of the obligation to cease collection under these circumstances. Compare §1692g(a) with § 1692g(b).

Although the text of § 1692g does not explicitly provide that the disclosures required by it must be made in a non-confusing manner, courts have held that the statute implies that the required disclosures be set forth in a form and within a context that does not distort or obfuscate its meaning.[1] <u>Bartlett v. Heibl</u>, 128 F.3d

---

[1] Circuits have split on the question of from whose perspective the communication is analyzed in determining whether it is confusing. Some circuits have adopted the "least sophisticated consumer" standard, which is a more demanding standard than asking whether a reasonable consumer would be confused, but one that still protects against "bizarre or idiosyncratic" interpretations of

497, 500 (7th Cir. 1997)(citing Avila v. Rubin, 84 F.3d 222, 226 (7th Cir. 1996); <u>Terran v. Kaplan</u>, 109 F.3d 1428, 1431-34 (9th Cir. 1997); <u>Russell v. Equifax A.R.S.</u>, 74 F.3d 30, 34-35 (2nd Cir. 1996); <u>Miller v. Payco-General American Credits, Inc.</u>, 943 F.2d 482, 484 (4th Cir. 1991)). <u>See also</u> <u>Wilson v. Quadramed Co.</u>, 225 F.3d 350, 354 (3rd Cir. 2000). In <u>Bartlett</u>, 128 F.3d at 500, the Seventh Circuit explained that most cases in which the literal language of § 1692g is found to be confusing are cases where other language in the collection letter contradicts, appears to contradict, or overshadows the mandatory language alerting the debtor of his or her statutory rights.[2]

---

communications. <u>Swanson v. S. Oregon Credit Serv., Inc.</u>, 869 F.2d 1222, 1225 (9th Cir. 1989). <u>See also</u> <u>Wilson v. Quadramed Co.</u>, 225 F.3d 350, 354 (3rd Cir. 2000); <u>Savino v. Computer Credit Inc.</u>, 164 F.3d 1052, 1054 (2nd Cir. 1998); <u>Jeter v. Credit Bureau, Inc.</u>, 760 F.2d 1168, 1175 (11th Cir. 1985). Other circuits have favored the "unsophisticated consumer" formulation, which is also designed to protect consumers of less than average sophistication or intelligence, without tying the standard to "the very last rung on the sophistication ladder." <u>Gammon v. GC Services</u>, 27 F.3d 1254, 1257 (7th Cir. 1994). <u>See also</u>, <u>Duffy v. Landberg</u>, 215 F.3d 871, 873 (8th Cir. 2000).

We have explicitly avoided ruling on which of these standards, if either, we use. <u>Taylor</u>, 103 F.3d at 1236. Because the difference between the standards is de minimis at most, we again opt not to choose between these standards.

[2] A validation letter engages in overshadowing when the contradictory language is in "screaming headlines," <u>Miller</u>, 943 F.2d at 483, or the notice language is in fine print, faint print, or confusing typeface. <u>Rabideau v. Management Adjustment Bureau</u>, 805 F.Supp. 1086, 1090, 1094 (W.D. N.Y. 1992). Because there were no headlines and the validation notice was the same size and print as the rest of the letter, Plaintiff does not claim an overshadowing violation.

6

In the present case, Plaintiff argues that two sentences in the collection letter stating that full collection activity would continue until Peter's account was paid in full misrepresented Plaintiff's rights under § 1692g, thereby contradicting or appearing to contradict the 30-day period for disputing the debt or requesting the name and address of the original creditor. Specifically, plaintiff objects to the sentences: "FULL COLLECTION ACTIVITY WILL CONTINUE UNTIL THIS ACCOUNT IS PAID IN FULL....TO AVOID FURTHER COLLECTION ACTIVITY, YOUR STUDENT LOAN MUST BE PAID IN FULL." When the letter is read as a whole, however, we conclude that these lines do not misrepresent, contradict, or overshadow the language explaining plaintiff debtor's statutory rights.

Courts have generally found contradiction or apparent contradiction of the printed § 1692g notice where payment is demanded in a concrete period shorter than the 30-day statutory contest period. For example, in Bartlett, the offending collection letter demanded the debtor pay his debt, or make arrangements to do so, "within one week of the date of this letter," or face legal action. As that court explained, "the juxtaposition of the one week and 30-day crucial periods is to turn the required disclosure into legal gibberish." Bartlett, 128 F.3d at 500. See also Swanson, 869 F.2d at 1226 (holding demand for payment in "10 days" confuses least sophisticated consumer about 30-day statutory contest period). Demands for "immediate payment" or payment "now" have also been found to appear to contradict the 30-day contest

7

period notice, at least where their relationship to the 30-day window is not explained.  <u>Savino</u>, 164 F.3d at 86; <u>Miller</u>, 943 F.2d at 484.

By contrast, statements that request payment or other actions with no time period specified have been found not to contradict the § 1692g notice.[3]  <u>Vasquez v. Gertler & Gertler, Ltd.</u>, 987 F.Supp. 652, 657 (N.D. Ill. 1997) (concluding request for payment without "further delay" did not "demand[] payment within a period shorter than 30 days.").  <u>See also</u> <u>Terran</u>, 109 F.3d at 1434 (finding request for immediate phone call did not contradict printed notice).  Because the challenged language here did not demand payment in a specific time period shorter than 30 days, we conclude that the letter did not violate § 1692g.[4]

---

[3] Plaintiff's points to <u>Kramsky v. The Revenue Maximization Group</u>, No. 00-CV-2936 (ARR) (E.D. N.Y. Jan. 11, 2001) (unpublished) as an example of a case where a violation of § 1692g did not involve a demand for payment in a specific period shorter than the validation period.  The court there rested its finding of a violation of the FDCPA on the failure of the collection letter to "indicate to the consumer that disputing the validity of the debt or requesting verification of the debt will halt th[e] collection process."  As we noted above, however, there is no statutory requirement that collectors inform debtors that collection activity will stop pending the collectors response to the debtor's request for additional information on the debt or original creditor.  Accordingly, we decline to follow <u>Kramsky</u>.

[4] The district court rested its determination that Defendant's letter did not contradict the required validation notice language on its similarity to a letter found not to violate § 1692g by the Third Circuit in <u>Wilson</u>, 225 F.3d at 361.  The letter there stated "We shall afford you the opportunity to pay this bill immediately and avoid further action against you."  Despite the use of the word "immediately," the Third Circuit concluded the request for payment was closer to <u>Vasquez</u> than to <u>Savino</u>, in part because it was

8

Plaintiff next claims that even if the challenged statements did not contradict the validation notice, they were still a violation of § 1692e, which prohibits "false, deceptive or misleading representation[s] or means in connection with the collection of any debt." Peter argues that the letter was false or misleading in stating that full collection activity will continue until the debt was paid in full because her timely exercise of her § 1692g rights would require the collector to cease collection activity until responding to the information request.

We find this argument unpersuasive for three reasons. First, the letter fully informed the debtor of her § 1692g rights to dispute the validity of the debt or request more information on the original creditor within 30 days of receipt of the collection letter. Second, the letter does not contain a threat of legal action by the debt collector within that 30 day window. Instead, the letter explains: "SHOULD YOU FAIL TO PAY THIS ACCOUNT IN FULL, GC SERVICES WILL REVIEW YOUR ACCOUNT AND MAKE RECOMMENDATIONS TO THE DEPARTMENT OF EDUCATION FOR THE MOST EFFECTIVE COLLECTION

―――――――――――

phrased as a request rather than demand, and in part because the validation notice was on the front with the potentially offending language, rather than on the reverse, as in Savino. Id. at 357.

Wilson represents a difficult and close case as it falls between cases like Savino that confuse consumers by emphasizing immediate payment, and cases like Vasquez that merely indicate that immediate payment is an option. Because the letter in question here did not specify a time period for action, however, it allows for a far easier resolution than Wilson, and we need not express an opinion on that case.

9

METHOD ALLOWABLE UNDER FEDERAL LAW." This language implies a substantial bureaucratic delay built into the debt collection process that is consistent with Plaintiff's right to seek verification of the debt and the original creditor's identity within the 30 day period. Third, the statements are not misleading because, except for temporary delays caused by the nature of the collection process, only full payment of the debt would prevent the continuation of the collection activity. 15 U.S.C. § 1692g(b). See also Miller, 943 F.2d at 484. Consequently, we conclude that the letter does not contain any real or material false, deceptive, misleading representation in connection with the collection of the debt within the meaning of § 1692e.

## III.

Plaintiff also appeals the district court's grant of summary judgment on her claims relating to the envelope in which the collection letter arrived. She first argues that the district court erred in ruling that the envelope did not violate § 1692f(8), which bars "[u]sing any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business." 15 U.S.C. § 1692f(8).

"[W]e begin...in any exercise of statutory construction with the text of the provision in question, and move on, as need be, to

10

the structure and purpose of the Act in which it occurs." <u>New York State Conference of Blue Cross and Blue Shield Plans v. Travelers Insurance Co.</u>, 514 U.S. 645, 655 (1995). We may not look beyond the text of the statute except in those rare instances where using the plain meaning of the text creates an "absurd result." <u>In re Hammers</u>, 988 F.2d 32, 34 (5th Cir. 1993).

The defendants' use of the United States Department of Education's name and address on the envelope, as well as a marker that the envelope is not to be used for private communication, violated the plain language of § 1692f(8). The name and address of the Department of Education and the penalty for private use language is language other than the debt collectors' name and address on the envelope. The district court concluded, however, that a literal interpretation of the statute would result in debt collectors being prohibited from placing the address of the debtor or a stamp on the envelope. Such a ridiculous outcome, the district court concluded, required legislative history to be used in arriving at a reasonable reading of the provision.

The district court's interpretation of § 1692f(8) fails to account for the entire text of that section. The language "use of mails" within the provision implies that mail is an appropriate form of communication between collection agencies and debtors. Concomitant with this recognition is a statutory allowance for those items that are necessary for an envelope to move through the mails. Such items include the name and address of the debtor,

11

required postage, and, as explicitly allowed by this section, the return address of the collection agency, as well as its name, provided that name does not reveal that the communication has to do with debt collection. Thus, if § 1692f(8) is read as a whole, no absurd result ensues, meaning we need not inquire beyond the statutory text.

Defendants argue that even if their envelope violates the literal language of this section, there is a benign language exception to the statutory prohibition within which their envelope falls. They base this argument on three district court cases, which have ruled that "benign language" does not violate § 1692f(8). See Lindbergh v. Transworld Sys., Inc., 846 F. Supp. 175, 180 & n.27 (D. Conn. 1994) (blue stripe and word "transmittal" on envelope did not violate § 1692f(8)); Johnson v. NCB Collection Services, 799 F.Supp. 1298, 1304-05 (use of "Revenue Department" as return addressee allowed); Masuda v. Thomas Richards & Co., 759 F.Supp. 1456, 1466 (C.D. Cal. 1991) (phrases such as "personal & confidential" and "forwarding and address correction requested" not prohibited by § 1692f(8)).

We do not need to reach the issue of whether § 1692f(8) implicitly includes an exemption for benign language, since the Defendants' impersonation of the Department of Education is certainly not benign. The Senate Report accompanying the FDCPA explained that the purpose of the act was "to protect consumers from a host of unfair, harassing, and deceptive debt collection

practices without imposing unnecessary restrictions on ethical debt collectors." S. REP. NO. 95-382, at 1-2, *reprinted in* 1977 U.S. Code Cong. & Admin. News 1695, 1696. One of the deceptive practices Congress was concerned about was "impersonating public officials," id., because of the large number of pre-FDCPA cases where debt collectors were sanctioned for impersonating government agencies. See, e.g., Slough v. FTC, 396 F.2d 870, 872 (5th Cir. 1968) (ruling that use of "State Credit Control Board" by private debt collection firm violated 15 U.S.C. § 45(a)(1) ban on "deceptive practices in commerce"). As Defendants' impersonation of the Department of Education implicates this core concern of the FDCPA, any implicit exception for benign language cannot be stretched to cover that thoroughly disapproved practice. Accordingly, we conclude that Defendants violated § 1692f(8).

We also hold that the envelope violates § 1692e(14).[5] Section e(14) bars "[t]he use of any business, company or organization name other than the true name of the debt collector's

---

[5]While statutory damages for violation of the FDCPA in § 1692k are limited to actual damages, plus maximum statutory damages of $1000 per *action*, not per violation, Wright v. Finance Service of Norwalk, Inc., 22 F.3d 647, 650 (6th Cir. 1994); Harper v. Better Business Services, Inc., 961 F.2d 1561, 1563 (11th Cir. 1992); McDaniel v. Asset Retrieval of Florida, 1996 U.S. Dist. LEXIS 22722*, *3n1 (E.D. La. 1996), the nature of the non-compliance is a factor to be considered by the district court in assessing damages within the statutory range. 15 U.S.C. § 1692k(b)(1). Accordingly, we consider all of Plaintiff's alleged statutory violations to guide the district court in assessing a fair amount of statutory damages.

business, company or organization." The envelope violates the mandate of this section by using the United States Department of Education name and address in the upper left hand corner of the envelope. By convention the name and address placed in this corner is that of the return addressee, or the sender of the mail.[6] By using the department as the return addressee, GC Services represented the sender of the mail as the Department of Education, when in fact it was GC Services. Thus, GC Services used the Department of Education name as its own, violating § 1692e(14).

The district court concluded that this statutory provision was not violated because a sentence within the collection letter explained that the communication was sent by GC Services, as a government contractor. The language within the letter conflicts with the false impersonation conveyed by the envelope, but it does not cancel or cure the envelope's departure from the strict mandate of that section. Section 1692e was enacted against a backdrop of cases in which courts held that communications designed to create a false sense of urgency were deceptive. See, e.g., Trans World Accounts, Inc. v. FTC, 594 F.2d 212, 215 (9th Cir. 1979) (deceptive to make communications appear to be a telegram which heightened sense of urgency). Post-FDCPA courts have read the language of § 1692e as encompassing this concern. Rosa v. Gaynor, 784 F.Supp. 1,

---

[6] As GC Services' official Michael Sullivan acknowledged, the first place to which people look to determine who sent a letter is the return address on "the outer envelope."

14

5 (D. Conn. 1989) (placing collection letter on attorney's letterhead deceptive where letter is not from attorney because it creates a false sense of urgency).  By making the letter appear to come from the United States Department of Education, Defendants created a false sense of urgency as to the letter's contents through a practice specifically prohibited in § e(14).  As these actions implicate core Congressional concerns underlying the FDCPA, we cannot depart from the statutory text of § 1692e.  Judgment must be rendered for Plaintiff on this claim as well.

**IV.**

The final issue raised on appeal is whether defendants GC Financial and DLS Enterprises can be held liable for the FDCPA violations of GC Services, a Delaware partnership in which they are general partners.  The district court, concluding that GC Services had in no way violated the FDCPA, dismissed all complaints against the general partners.  It had no occasion to address whether those corporations could be held liable if GC Services were found to be in violation of the FDCPA.

GC Financial and DLS Enterprises argue they cannot be held liable for the FDCPA violations of GC Services because they are not debt collectors as defined in 15 U.S.C. § 1692(a)(6).  This argument ignores a basic principle of partnership law.  Under Delaware law general partners are liable for all obligations of the partnership.  6 Del C. §15-306(a) (2001) ("...all partners are

15

liable jointly and severally for all obligations of the partnership unless otherwise agreed by the claimant or provided by law."). Nothing in the FDCPA limits this basic provision of the applicable state law. <u>Miller v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark</u>, 214 F.3d 872, 876 (7th Cir. 2000) (holding that general partners are liable for FDCPA violations of partnership). Thus, GC Financial and DLS Enterprises are jointly and severally liable for GC Services' infractions, and are not entitled to a dismissal of this action.

**V.**

The grant of summary judgment to Defendants on Plaintiff's 15 U.S.C. §§ 1692e(14) and f(8) claims is REVERSED, and the case is REMANDED with instructions to enter judgment for Plaintiff on these claims and to award her the statutory damages, costs, and attorney's fees to which she is entitled. The district court's grant of summary judgment to Defendants on all other claims is AFFIRMED.