United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 29, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-21112
Summary Calendar

CHERYL L. OWSLEY, Individually and on behalf of
all other similarly situated Plaintiffs,

Plaintiff-Appellant,

versus

COLDATA INC., doing business as Coldata Collection Companies,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-3141
--------------------

Before WIENER, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Cheryl L. Owsley appeals from the grant of
summary judgment for defendant Coldata, Inc., in her action under
the Fair Debt Collection Act. Owsley contends that Coldata's
letter violated 15 U.S.C. § 1962e(10) because it created the false
impression that Owsley's account would be turned over to an
attorney for legal action if she did not pay Coldata. She argues
that her affidavit proves that an unsophisticated consumer would
construe the letter as she did. According to Owsley, Coldata sent

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the letter to over 70,000 consumers in Texas and had reason to know that Verizon would not retain counsel to sue 70,000 people over a few hundred dollars each.

As Owsley makes no contentions regarding 15 U.S.C.§ 1692e(2)(A) or § 1692e(5), as she did in the district court, she has abandoned those contentions on appeal. In re Municipal Bond Reporting Antitrust Litigation, 672 F.2d 436, 439 n.6 (5th Cir. 1982).

We have not decided whether to view collection notices from the standpoint of the "least sophisticated consumer" or the "unsophisticated consumer." "[T]he difference between the standards is de minimis at most." Peter v. GC Servs. L.P., 310 F.3d 344, 348 n.1 (5th Cir. 2002).

There was no genuine issue of material fact regarding whether Coldata's letter employed "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10); see FED. R. CIV. P. 56(c). The letter sent to Owsley informed her in relevant part that her account was "scheduled to be returned to [her] creditor who may [inter alia] . . . secure advice of counsel regarding appropriate steps to be taken to enforce payment." The letter did not imply that a lawsuit was imminent or that Coldata had any say in whether legal action would be taken. Neither did it suggest that the creditor likely would pursue legal action. On the

2

contrary, the letter indicated that the creditor might take actions other than pursuing suit —— specifically, updating credit-reporting services on Owsley's account or withdrawing previous settlement offers and demanding payment in full, or both.  The possibility that the creditor might secure legal advice was listed as a third option, but even that cannot be construed as indicating the likelihood of litigation.  The language of the letter, although suggesting that Coldata had counsel on retainer and that the stakes might be raised in the future, see Avila v. Rubin, 84 F.2d 222, 229 (7th Cir. 1996), would not lead a recipient with any degree of sophistication to believe that legal action was imminent.  See Gammon v. GC Servs. L.P., 27 F.3d 1254, 1257 (7th Cir. 1994); Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1175 (11th Cir. 1985); Ditty v. Checkrite, Ltd., 973 F. Supp. 1320, 1330 (D. Utah 1997).  AFFIRMED.