United States Court of Appeals
Fifth Circuit

**F I L E D**

December 22, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No.  03-20834

POOJA GOSWAMI, Individually, and on behalf of all others
similarly situated,

Plaintiff-Appellant,

VERSUS

AMERICAN COLLECTIONS ENTERPRISE, INC.,

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Texas

ON PETITION FOR REHEARING

(Opinion July 28, 2004, 5th Cir. 2004, ___F.3d___)

Before DAVIS and PRADO, Circuit Judges.[*]

PER CURIAM:

Appellant, in his petition for rehearing, argues that the panel opinion is inconsistent with Peter v. GC Servs., L.P., 310 F.3d 344 (5th Cir. 2002).  We disagree because Peter is completely distinguishable from our case.  It is true that in Peter, the panel

_____

[*]Judge Pickering was a member of the original panel but retired on December 8, 2004, and did not participate in this decision.

concluded that the language on the envelope violated § 1692f(8). However, in Peter, the envelope from the collection agency bore the return address of the U.S. Department of Education. The panel concluded that impersonation of the Department of Education caused the envelope to be in violation of this subsection and the court focused on the debt collector's deceptive practice of impersonating the Department of Education. The panel in Peter relied on the Senate Report to the FDCPA and stated:

> The Senate Report accompanying the FDCPA explained that the purpose of the act was "to protect consumers from a host of unfair, harassing and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors." S. REP. NO. 95-382, at 1-2, *reprinted in* 1977 U.S. Code Cong. & Admin. News 1695, 1696. One of the deceptive practices Congress was concerned about was "impersonating public officials".

The panel explicitly declined to consider whether to adopt a "benign language exception"[1] because, under the facts, "any implicit exception for benign language cannot be stretched to cover that thoroughly disapproved practice." Peter, (310 F.3d at 352).

It is also significant that since our opinion issued, the Eighth Circuit in Strand v. Diversified Collection Services, 380 F.3d 316 (8th Cir. 2004), decided a case involving § 1692f(8), which is completely consistent with our opinion. Thus, our research

---

[1]See Peter, 310 F.3d at 351 (5th Cir. 2002), stating "We do not need to reach the issue of whether § 1692f(8) implicitly includes an exemption for benign language, since the Defendants' impersonation of the Department of Education is certainly not benign".

discloses no reported case that is inconsistent with our opinion.

Treating the petition for rehearing en banc as a petition for panel rehearing, the petition for panel rehearing is DENIED, and the court, having been polled at the request of one of the members of the court and a majority of the judges who are in regular active service not having voted in favor, (Fed. R. App. P. And 5th Cir. R. 35), the Petition for Rehearing En Banc is also DENIED.[**]

---

[**]Judge Clement is recused and did not participate in the consideration of the petition for rehearing en banc.

JERRY E. SMITH, Circuit Judge, with whom DeMOSS, Circuit Judge, joins dissenting from the denial of rehearing en banc:

The panel has made an erroneous interpretation of this important statute.[2] More significantly, it has invented a new and unusual means of interpreting statutes that have general introductory statements, or preambles, followed by specific provisions. Because the court should have taken this matter en banc to correct the error, I respectfully dissent.

The panel agrees, *Goswami*, 377 F.3d at 493, that the envelope in question easily violates the plain wording of 15 U.S.C. § 1692f(8), which prohibits "using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails . . . ." Not only do the words "Priority Letter" in a blue strip across the face of the envelope run afoul of this specific proscription, but, as the panel accurately acknowledges, the debt collector "admitted that the markings on the envelope had been developed to entice debtors to open the letter." *Goswami*, 377 F.3d at 491.

The panel also correctly opines that "we do not look beyond the plain meaning of the statute unless the statute is absurd or

---

[2] *See Goswami v. Am. Collections Enter., Inc.*, 377 F.3d 488, 492-94 (5th Cir. 2004). I dissent only in regard to the panel's result and reasoning regarding the words added to the envelope. I express no view as to the content of the letter.

4

ambiguous. Without ambiguity we are not permitted to look to the legislative history or agency interpretation." *Id.* at 492. The panel finds ambiguity not in subsection 8, but by "read[ing] § 1692f(8) together with the opening paragraph or preface of § 1692f." *Id.* at 493.

This is error. The preamble is extremely general and contains only two terms that the panel employs to create ambiguity: that a debt collector may not use "unfair or unconscionable means" to collect a debt. No reported case, nor any regulation, nor the legislative history, nor any agency interpretation or commentary makes mention of the preamble to limit the reach of subsection 8,[3] nor did the debt collector argue or suggest that the introductory language should be considered at all. Use of the two general words of the preamble ("unfair or unconscionable") to overrule the specific proscription of subsection 8 is purely a concoction of the panel.[4]

---

[3] One of the three district court cases on which the panel relies, *Masuda v. Thomas Richards & Co.*, 759 F. Supp. 1456 (C.D. Cal. 1991), actually reads the introductory language to *expand* the scope of the section beyond the proscriptions set forth in the eight subsections of § 1692f. *See id.* at 1461 n.10.

[4] Nor is consideration of the introductory language incompatible with enforcement of subsection 8 as written. I assume even the panel would agree that if it had wanted to, Congress could have said that (1) a debt collector may not use "unfair or unconscion-able means," and (2) those words are "hereby defined to include using any language other than the collector's address." If Congress had done it that way, there is no doubt this plaintiff has established a violation, because the envelope contravenes that
(continued...)

In contrast to the general language in the introduction, subsection 8 is specific in prohibiting "any language or symbol" other than an address. Although the panel fails even to mention it, this matter should be controlled by the well-accepted interpretive maxim that specific provisions prevail over general ones.[5] It is a mystery why the panel did not even try to grapple with this important rule. In light of the panel opinion, and this court's refusal to rehear it en banc, one is left to wonder whether this bedrock of statutory interpretation retains viability in this

---

[4](...continued)
precise standard.

But in fact, that is exactly what Congress *did* do in this statute, in language that is not much different. It said that (1) a debt collector may not use "unfair or unconscionable means," and (2) the following conduct is a violation: using any language other than the collector's address.

[5] "However inclusive may be the general language of a statute, it will not be held to apply to a matter specifically dealt with in another part of the same enactment . . . . Specific terms prevail over the general in the same or another statute which otherwise might be controlling." *Fourco Glass Co. v. Transmirra Corp.*, 353 U.S. 222, 228-29 (1957) (ellipses in original, internal quotations and citation omitted). "As a fundamental rule of statutory interpretation, specific provisions trump general provisions." *Navarro-Miranda v. Ashcroft*, 330 F.3d 672, 676 (5th Cir. 2003).

One basic principle of statutory construction is that where two statutes appear to conflict, the statute addressing the relevant matter in more specific terms governs. A similar provision applies to interpretation of various sections of the same enactment. A provision must be considered in context, and the more specific provision within a statute prevails.

*United States v. Neary (In re Armstrong)*, 206 F.3d 465, 470-71 (5th Cir. 2000) (internal citations omitted).

circuit.

The panel opinion, moreover, is at odds with a recent opinion of this court, *Peter v. GC Servs., L.P.*, 310 F.3d 344 (5th Cir. 2002), which interprets the same subsection at issue hereSS§ 1692f(8)SSbut reaches a contrary result. The *Peter* case was briefed extensively to the panel, and the reader is left to guess why the panel makes no reference to it.

In *Peter*, the plaintiff alleged that the debt collector (which was collecting on a student loan) had violated subsection 8 by including, on the envelope, the words "US Department of Education" followed by a post office box address and the words "Official Business/Penalty for Private Use, $300." The panel in *Peter* noted, 310 F.3d at 351, that "[w]e may not look beyond the text of the statute except in those rare instances where using the plain meaning of the text creates an 'absurd result'" (citation omitted). The panel held that "if § 1692f(8) is read as a whole, no absurd result ensues, meaning we need not inquire beyond the statutory text." *Id.*

Thus, the panel in *Peter* held that the envelope was a violation of the statute. *That panel made no mention of the preamble on which the* Goswami *panel so heavily relies. To the contrary, it used only the explicit, unambiguous text of subpart 8 to decide the issue.*

Specifically in regard to another section of the same Act (§

1692e(14)), the panel in *Peter* noted that it was "enacted against a backdrop of cases in which courts held that communications designed to create a false sense of urgency were deceptive." *Id.* at 352. That conclusion logically applies to the entirely of the Fair Debt Collection Practices Act, including § 1692f(8). Surely, in the present case (*Goswami*), the inclusion, in a bright blue strip, of the words "Priority Letter" on the envelope creates the sort of false sense of urgency that the panel condemned in *Peter*.

Moreover, the *Goswami* panel holds that there is no violation unless the envelope indicates that it "relate[s] to collection of delinquent debts." In imposing liability, the panel in *Peter* logically decided to the contrary.

Curiously, although failing to mention the recent, binding Fifth Circuit authority (*Peter*), the *Goswami* panel relies on three district court opinions from California and Connecticut. In the process of ignoring *Peter*, the panel, 377 F.3d at 493, invents a new test for interpreting subsection 8: that it prohibits only "markings that would signal that it is a debt collection letter and tend to humiliate, threaten, or manipulate debtors." This is pure judicial legislation. The panel boldly makes up these words out of whole cloth, reflecting, presumably, the scope the panel wishes the statute to have.

These words find no basis in any reported case, or in the statute, or in any regulations, legislative history, or agency in-

terpretation or commentary. The panel's newly-enunciated test would require a different result in *Peter*, because adding "US Department of Education" to the envelope does not humiliate, threaten, or manipulate. The conflicting results in *Goswami* and *Peter* cannot be reconciled.

The panel opinion is pure legislation from the bench. The opinion may have reached a result with which the panel feels comfortable, but it clouds this court's statutory interpretation jurisprudence, especially regarding whether a couple of general words in a preface or preamble can be used by clever lawyers to override specific provisions that unmistakably set forth the will of Congress.

Parties and counsel now are in genuine doubt whether, as to the statute at issue, *Peter* or *Goswami* represents the binding law of the circuit. Because the court should take this case en banc to reconcile the conflict, I respectfully dissent.