ON PETITION FOR REHEARING
*226 Before DAVIS and PRADO, Circuit Judges.*
PER CURIAM:
Appellant, in his petition for rehearing, argues that the panel opinion is inconsistent with Peter v. GC Servs., L.P., 310 F.3d 344 (5th Cir.2002). We disagree because Peter is completely distinguishable from our case. It is true that in Peter, the panel concluded that the language on the envelope violated § 1692f(8). However, in Peter, the envelope from the collection agency bore the return address of the U.S. Department of Education. The panel concluded that impersonation of the Department of Education caused the envelope to be in violation of this subsection and the court focused on the debt collector’s deceptive practice of impersonating the Department of Education. The panel in Peter relied on the Senate Report to the FDCPA and stated:
The Senate Report accompanying the FDCPA explained that the purpose of the act was “to protect consumers from a host of unfair, harassing and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors.” S. REP. NO. 95-382, at 1-2, reprinted in 1977 U.S. Code Cong. & Admin. News 1695, 1696. One of the deceptive practices Congress was concerned about was “impersonating public officials”.
The panel explicitly declined to consider whether to adopt a “benign language exception”[1] because, under the facts, “any implicit exception for benign language cannot be stretched to cover that thoroughly disapproved practice.” Peter, (310 F.3d at 352).
It is also significant that since our opinion issued, the Eighth Circuit in Strand v. Diversified Collection Service, 380 F.3d 316 (8th Cir.2004), decided a case involving § 1692f(8), which is completely consistent with our opinion. Thus, our research discloses no reported case that is inconsistent with our opinion.
Treating the petition for rehearing en banc as a petition for panel rehearing, the petition for panel rehearing is DENIED, and the court, having been polled at the request of one of the members of the court and a majority of the judges who are in regular active service not having voted in favor, (Fed. R.App. P. And 5th Cir. R. 35), the Petition for Rehearing En Banc is also DENIED.**

. See Peter, 310 F.3d at 351 (5th Cir.2002), stating “We do not need to reach the issue of whether § 1692f(8) implicitly includes an exemption for benign language, since the Defendants’ impersonation of the Department of Education is certainly not benign”.

 Judge Clement is recused and did not participate in the consideration of the petition for rehearing en banc.