# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 11-10291

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 16, 2012

Lyle W. Cayce
Clerk

JANET MCMURRAY,

Plaintiff-Appellant

v.

PROCOLLECT, INCORPORATED,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas

Before JONES, Chief Judge, and PRADO and SOUTHWICK, Circuit Judges.

LESLIE H. SOUTHWICK, Circuit Judge:

An individual owing a debt sued a debt collection agency.  The suit alleged the agency's debt-collection letter violated the Fair Debt Collection Practices Act by contradicting and overshadowing the statutory notices in the letter.  The district court concluded that the letter did not violate the statute.  We AFFIRM.

## FACTUAL AND PROCEDURAL BACKGROUND

In September 2009, ProCollect, a debt collector, mailed a letter to Janet McMurray, attempting to collect $716.41 that she allegedly owed Highland Oaks Apartments.  After the opening salutation, the letter states, in non-bold typeface:

> Your account has been referred to us for collection.  It is important that you pay your debt as failure to timely validate the referenced amount due will cause us to report your account to the credit reporting agencies.  The negative mark can remain on your credit

No. 11-10291

for up to seven (7) years, and may among other things significantly affect your ability to:

(1) OBTAIN CREDIT;
(2) OBTAIN EMPLOYMENT;
(3) PURCHASE HOME OR CAR; OR
(4) QUALIFY FOR APARTMENT RENTAL.

Please add a $7.50 collection fee to each payment made. If you have any questions regarding your account please call the number above. If you wish to pay your debt online, please visit us at www.procollect.com.

(Capitalization in original). The letter then signs off, "Cordially, Curt Bond / ProCollect, Inc.," which is followed by two lines of text of the same size, but bolded: a line in Spanish, and a line stating, "To pay your debt online please visit www.procollect.com." Toward the bottom, following a significant amount of blank space, the letter contains the following message, in bold typeface of the same font and size as above:

**This is an attempt to collect a debt. This communication is from a debt collector. Any information obtained will be used for that purpose. Unless you dispute the validity of this debt or any portion thereof within 30 days of the receipt of the notice, we will assume that the debt is valid. If you notify us in writing within the 30 day period that the debt or any portion thereof is disputed we will mail you a verification of the debt or a copy of the judgment.**

Directly below this message is a payment slip for McMurray to fill out, tear off, and send to ProCollect.

In January 2010, McMurray filed this action in the United States District Court for the Northern District of Texas, claiming ProCollect's letter violated the Fair Debt Collection Practices Act ("FDCPA") and the Texas Deceptive Trade Practices Act. She claimed that the main text of ProCollect's letter contradicted and overshadowed the statutorily-required notice, at the bottom of the letter,

2

No. 11-10291

providing notice of her rights under the statute. McMurray sought monetary damages and injunctive relief preventing ProCollect's continued alleged violations. McMurray moved for summary judgment on the FDCPA claim, and ProCollect moved for summary judgment on both claims. In February 2011, the district court denied McMurray's motion and granted ProCollect's. McMurray timely appealed, challenging only the ruling on her FDCPA claim.

DISCUSSION

The purpose of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.*, is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Debt collectors are required, within five days of the initial communication regarding a debt, to provide consumers with a written notice that contains this information: (1) "the amount of the debt"; (2) "the name of the creditor to whom the debt is owed"; (3) a statement that unless the consumer "disputes the validity of the debt" within 30 days, the debt collector will assume the debt is valid; (4) a statement that if the consumer notifies the collector that the consumer is disputing the debt in writing within the 30 day period, "the debt collector will obtain verification of the debt [from the creditor] . . . and a copy of [the] verification . . . will be mailed to the consumer"; and (5) "a statement that, upon the consumer's written request," the debt collector will give the consumer "the name and address of the original creditor, if different from the current creditor." 15 U.S.C. § 1692g(a).

A debt collector violates the FDCPA by failing to provide the information required by Section 1692g(a). *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Merely including the required notice in letters to consumers is not sufficient. The notice must also "be set forth in a form and within a

context that does not distort or obfuscate its meaning." *Peter v. GC Servs. L.P.*, 310 F.3d 344, 348 (5th Cir. 2002). A debt collector may violate Section 1692g if other language in its communication with consumers "overshadow[s]" or is "inconsistent with" the statutorily-mandated notice. 15 U.S.C. § 1692g(b).[1]

McMurray alleges that portions of ProCollect's letter overshadowed and contradicted the Section 1692g(a) notice found at the bottom of the letter.[2] The district court disagreed. ProCollect's letter did not demand payment within the 30-day statutory contest period. The court concluded that the language of the letter was plain and understandable from the perspective of the least sophisticated consumer. Lastly, the court relied on a decision issued by another district court in this circuit in which that court analyzed an almost identical letter and found that the Section 1692g(a) notice had not been overshadowed.

We review a district court's order granting summary judgment *de novo*. *Nat'l Fed'n of the Blind of Tex., Inc. v. Abbott*, 647 F.3d 202, 208 (5th Cir. 2011). "A summary judgment motion is properly granted only when, viewing the evidence in the light most favorable to the nonmoving party, the record indicates that there is no genuine issue as to any material fact and that the moving party

---

[1] Prior to the 2006 amendment, nothing in the FDCPA expressly precluded language in a collection letter from overshadowing or contradicting the mandated notice, but courts had grafted such a requirement onto the statute. *See Jacobson v. Healthcare Fin. Servs. Inc.*, 516 F.3d 85, 90-91 (2d Cir. 2008). Section 1692g(b) currently states, in relevant part: "Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b) (as amended by the Financial Services Regulatory Relief Act of 2006, Pub. L. No. 109-351, § 802(c), 120 Stat. 1966, 2006-07 (2006)).

[2] McMurray, in her briefs to the court, appears to use the terms "contradict" and "inconsistent" interchangeably. This is probably because case law prior to the 2006 amendment to Section 1692g (*see supra* n.1) held that Section 1692g was violated by overshadowing and "contradictory" communications. Although the 2006 amendment used the term "inconsistent" rather than "contradict," because the 2006 amendment codified the referenced case law, *see Jacobson*, 516 F.3d at 90-91, we too treat the terms, in this context, as interchangeable.

No. 11-10291

is entitled to judgment as a matter of law." *Barker v. Halliburton Co.*, 645 F.3d 297, 299 (5th Cir. 2011) (quotation marks and citation omitted).

The sole issue presented by the parties on appeal is whether the district court properly held that ProCollect's letter comports with Section 1692g.

We "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard." *Goswami v. Am. Collections Enter., Inc.*, 377 F.3d 488, 495 (5th Cir. 2004). We "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors." *Id.* The least sophisticated consumer standard "serves the dual purpose of protecting all consumers, including the inexperienced, the untrained and the credulous, from deceptive debt collection practices and protecting debt collectors against liability for bizarre or idiosyncratic consumer interpretations of collection materials.*" Taylor v. Perrin, Landry deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997). The unsophisticated consumer standard "serves the same purposes and apparently would lead to the same results in most cases, except that it is designed to protect consumers of below average sophistication or intelligence without having the standard tied to the very last rung on the sophistication ladder."[3] *Id.* (quotation marks and citation omitted).

*I. Inconsistency*

*Peter* has been our only occasion to interpret 15 U.S.C. § 1692g(a)-(b). We affirmed the district court's grant of summary judgment for the defendant debt collector. *Peter*, 310 F.3d at 353. The letter at issue included this:

> YOUR STUDENT LOAN, WHICH IS IN SERIOUS DEFAULT, HAS BEEN REFERRED TO GC SERVICES—A CONTRACTED PROFESSIONAL COLLECTION AGENCY—BY THE U.S. DEPARTMENT OF EDUCATION (ED). FULL COLLECTION

---

[3] This court has yet to choose between the standards of least-sophisticated consumer and unsophisticated consumer. *Peter*, 310 F.3d at 348 n.1. We need not do so now.

No. 11-10291

ACTIVITY WILL CONTINUE UNTIL THIS ACCOUNT IS PAID IN
FULL.

. . .

TO AVOID FURTHER COLLECTION ACTIVITY, YOUR
STUDENT LOAN MUST BE PAID IN FULL.

*Id.* at 347 (capitalization in original). The validation notice was on the reverse side of the letter. *Id.*

The consumer argued that the Section 1692g(a) notice's message that she had 30 days in which to dispute the validity of the debt was contradicted by two lines of the collection letter: "Full collection activity will continue until this account is paid in full. . . . To avoid further collection activity, your student loan must be paid in full." *Id.* at 349. The plaintiff did not claim an overshadowing violation. *Id.* at 349 n.2.

We found no contradiction in the letter. "Courts have generally found contradiction or apparent contradiction of the printed § 1692g notice where payment is demanded in a concrete period shorter than the 30-day statutory contest period." *Id.* at 349. In addition, "[d]emands for 'immediate payment' or payment 'now' have also been found to appear to contradict the 30-day contest period notice, at least where their relationship to the 30-day window is not explained." *Id.* "By contrast, statements that request payment or other actions with no time period specified have been found not to contradict the § 1692g notice." *Id.* In *Peter*, we concluded that because the letter did not demand payment within less than 30 days, it did not violate Section 1692g. *Id.* at 350.

ProCollect's letter was not inconsistent with the Section 1692g(a) notice. As in *Peter*, the letter contains no demand for payment, much less a demand for payment within the 30-day statutory contest period. Although ProCollect's letter does urge McMurray to take "timely" action, the express reference is to "timely validation" of the debt, not timely payment of it. McMurray's contention that

6

No. 11-10291

"validation" should be equated with payment is not persuasive. Not only is such an interpretation inconsistent with the plain meaning of "validation," it is inconsistent with this subsequent reference to that word: "Unless you dispute the validity of this debt or any portion thereof within 30 days of the receipt of the notice, we will assume that the debt is valid." This statement makes clear that the letter's earlier reference to "timely validation" refers not to payment of the debt but to the act of disputing the debt's validity within 30 days.

A comparison of the letter's disputed passage and the Section 1692g(a) notice demonstrates their consistency. The notice language communicates the following: (1) an assumption that there is a debt; and that (2) if McMurray does not dispute the validity of the debt within 30 days, (3) ProCollect will assume its validity. The "failure to timely validate" sentence conforms with the notice, the only differences being: the word "timely" is used rather than "within 30 days"; and in stating that failure to validate the debt would result in its being reported to credit agencies, ProCollect's assumption that the debt is valid if not disputed is implicit rather than expressly stated. Neither a least-sophisticated or unsophisticated consumer would be confused after reading these two passages.

## II. Overshadowing

McMurray contends that the notice was overshadowed by the following: There was a "threat" of bad credit that was placed prominently, while the notice language was at the bottom of the letter; there were four listed examples of bad-credit consequences in capitalized lettering; and the demand to "timely validate" was inconsistent with the Section 1692g(a) notice.

We have already determined that the "timely validate" language is not inconsistent with the letter's notice. While overshadowing is a different inquiry than inconsistency, we conclude that McMurray's overshadowing argument as to the "timely validate" language fails for similar reasons.

7

The supposed threat falls in the category of "letters [that] encourage debtors to pay their debts by informing them of the possible negative consequences of failing to pay," words that do not overshadow the required notice language. *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 417-18 (7th Cir. 2005). This is because "one way to encourage someone with a true dispute to come forward and resolve that dispute is to inform him of the possible negative consequences of his continued inaction." *Id.* at 418 n.7. "Not only does this encouragement promote payment of valid debts, it also promotes disclosing genuine claims of invalid debts (such as . . . demonstrating the debt resulted from a forgery)." *Id.* "Promoting final resolution of such matters, either way, is inherently beneficial." *Id.* The letter in this case essentially provided such warnings and nothing more. Thus, the notice language in ProCollect's letter is not overshadowed by the letter's bad-credit warnings.

We also conclude that the physical attributes of ProCollect's Section 1692g(a) notice do not cause an overshadowing. The notice is located on the same page as the language contested by McMurray, is in bold typeface (unlike the contested language), and of the same size and font as the rest of the letter. Also significant is that the notice is located immediately above the line provided for tearing off the payment form, and thus, by this spacial proximity, provided visual confirmation that payment was not the only option. *Cf. Sims v. GC Servs. L.P.*, 445 F.3d 959, 963-64 (7th Cir. 2006) (concluding statement on letter's front in prominent, red, bold, capital lettering that "important consumer information" on back was not overshadowed by text on front asking for prompt payment of debts, despite notice text on back being more difficult to read than text on front).

ProCollect's collection letter was not inconsistent with and did not overshadow the letter's Section 1692g(a) notice. Therefore, a least-sophisticated or unsophisticated consumer would not be confused by the letter.

AFFIRMED.