# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 22, 2013

No. 12-31061
Summary Calendar

Lyle W. Cayce
Clerk

S. J. BEAULIEU, JR., Chapter 13 Trustee,

Plaintiff-Appellant

v.

JAMES LAVIGNE, Mayor, individually and in his official capacity;
BENJAMIN RAYNOR, Chief of Police, individually and in his official
capacity; PEARL RIVER TOWN,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CV-2816

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant S. J. Beaulieu, Jr. is the Chapter 13 Trustee of Edward
J. Haisch ("Haisch"), the original plaintiff in this case. Haisch filed suit under
42 U.S.C. § 1983 against Defendants-Appellees James Lavigne ("Lavigne"),
Mayor of Pearl River; Benjamin Raynor ("Raynor"), Pearl River's Chief of Police;
and the Town of Pearl River ("Pearl River"). Haisch claimed that his termination

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the Court has determined that this opinion
should not be published and is not precedent except under the limited circumstances set forth
in 5TH CIRCUIT RULE 47.5.4.

No. 12-31061

from the Pearl River Police Department violated his First Amendment right to be free from retaliation for engaging in protected campaign speech. The District Court granted summary judgment in favor of the defendants. We AFFIRM.

## I.    Facts and Procedural History

In 1995, Pearl River Police Department Chief Raynor hired Haisch as a reserve police officer. Haisch became a full time officer in 1998. He was terminated in 2003 for failing to secure warrants for a case. In 2004, he asked Raynor to rehire him, and Raynor did so one month later, in June 2004, as a full-time parol officer. By 2008, Haisch had been promoted to sergeant and served as the School Resource Officer at Pearl River High School. In 2009, Haisch decided to run against Raynor for the elected position of Chief of Police.

According to the written policies of the Pearl River Police Department, employees were required to resign their position with the department prior to announcing their candidacy for political office in Pearl River. R. 467. On June 30, 2010, Haisch requested an unpaid leave of absence in order to campaign. Chief Raynor denied the request and informed Haisch of the police department policy requiring employees to resign prior to announcing their candidacy for political office in Pearl River. Haisch voluntarily resigned on July 5, 2010. His Separation Notice stated that he "resigned to seek political office." Haisch lost the election during the first primary election on October 2, 2010. Raynor won the subsequent run-off election against another candidate on  November 6, 2010. After the election, Chief Raynor rehired Haisch on November 8, 2010, and Haisch resumed his former position, rank, and salary.

Pursuant to a Town Council ordinance passed in 1982, Raynor had the authority to hire and fire police officers at his discretion, subject to budgetary restrictions. In early 2011, Pearl River faced budget problems, and Lavigne and the Town Council informed Raynor that he would have to reduce his police force. Chief Raynor terminated Haisch because he was the most recent officer to be

2

No. 12-31061

hired by the department. On April 29, 2011, Haisch received a Separation Notice that stated that he was "Laid off Due to Town Budget Issues." Shortly thereafter, the Town Council found sufficient funds for an additional officer and Raynor rehired Haisch on June 1, 2011. Pearl River continued to experience a budget shortfall, however, and as a result Raynor terminated Haisch's employment again on September 23, 2011. Haisch's Separation Notice explained that the reason for his termination was "Reduction in Force, Laid off due to Town Budget issues."

On November 11, 2011, Haisch filed the present suit against the defendants, asserting a First Amendment retaliation claim pursuant to 42 U.S.C. § 1983. Haisch claimed that defendants conspired together to fire Haisch in retaliation for his discussion of public issues during his political campaign, including his assertion in a public interview that Raynor employed an "intimidating style" of law enforcement. He claimed that Raynor's stated reason for Haisch's termination was merely pretextual. On July 27, 2012, defendants filed a motion for summary judgment, asserting that Raynor and Lavigne were entitled to qualified immunity and that Haisch had not established all the elements of a viable retaliation claim. The District Court granted the motion for summary judgment and dismissed the suit, finding that Raynor and Lavigne were entitled to qualified immunity and that Haisch had not alleged the elements necessary to state a claim against Pearl River. Haisch now appeals.

## II.   Standard of Review

"We review a district court's order granting summary judgment *de novo*." *McMurray v. ProCollect, Inc.*, 687 F.3d 665, 669 (5th Cir. 2012). Summary judgment is appropriate only if the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude entry of

summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In reviewing a grant of summary judgment, we examine the evidence in the light most favorable to the nonmoving party. *Addicks Servs., Inc. v. GGP-Bridgeland, LP*, 596 F.3d 286, 293 (5th Cir. 2010). While "any reasonable inferences are to be drawn in favor of [the nonmoving] party," *Gowesky v. Singing River Hosp. Sys.*, 321 F.3d 503, 507 (5th Cir. 2003), conclusory allegations and unsubstantiated assertions alone are insufficient to defeat summary judgment. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

## III.   Analysis

### A. Dismissal of Claims Against Raynor and Lavigne

Haisch appeals from the district court's grant of summary judgment to Raynor and Lavigne on the basis of qualified immunity. "Qualified immunity protects public officers from suit if their conduct does not violate any 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Bishop v. Arcuri*, 674 F.3d 456, 460 (5th Cir. 2012) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "When a defendant invokes qualified immunity, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense." *Club Retro, LLC v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009) (citing *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc)). At the summary judgment stage of litigation, the plaintiff must present sufficient evidence to create a genuine dispute of material fact regarding both prongs of the two-prong qualified immunity test. First, he must present evidence that "the facts alleged show the [government official's] conduct violated a constitutional right." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Second, he must demonstrate that the right "was clearly established." *Id.* Courts "have discretion to decide which of the two prongs of qualified-immunity analysis to tackle first." *Ashcroft v. Al-Kidd*, 131 S.Ct. 2074, 2080 (2011) (citing *Pearson v.*

*Callahan*, 555 U.S. 223, 236 (2009)). Because we conclude that Haisch failed to satisfy the first prong, we need not reach the second prong of the analysis.

Haisch contends that his First Amendment rights were violated when he was terminated from his position as a Pearl River police officer allegedly because he engaged in protected speech while running against Raynor for the elected position of police chief. "The government may not constitutionally compel persons to relinquish their First Amendment rights as a condition of public employment." *Harris v. Victoria Indep. Sch. Dist.*, 168 F.3d 216, 220 (5th Cir. 1999). To prove a First Amendment retaliation claim in the employment context, a plaintiff must establish that: "(1) the plaintiff suffered an adverse employment decision, (2) the plaintiff's speech involved a matter of public concern, (3) the plaintiff's interest in speaking outweighed the governmental defendant's interest in promoting efficiency, and (4) the protected speech motivated the defendant's conduct." *Kinney v. Weaver*, 367 F.3d 337, 356 (5th Cir. 2004) (en banc) (citing *Lukan v. N. Forest ISD*, 183 F.3d 342, 346 (5th Cir. 1999)).

Haisch satisfied the first three prongs. His termination constitutes an adverse employment decision. *See Juarez v. Aguilar*, 666 F.3d 325, 332 (5th Cir. 2011). His run for public office and associated campaign activities involved matters of public concern. *See Jordan v. Ector County*, 516 F.3d 290, 297 (5th Cir. 2008). Nor could his speech have affected the government's efficiency because he was not an employee of the Pearl River Police Department at the time. However, Haisch was not able to produce evidence that his protected speech motivated Raynor's decision to terminate his employment. Haisch's Separation Notices stated that he was laid off due to budget issues. Haisch testified in his deposition that he was aware of the town's budget concerns. He also testified that he was never reprimanded for running for Chief of Police, never had any confrontations with Raynor about the election, and had never spoken with Lavigne. Haisch did not put forth any evidence that Lavigne was

involved in the decision to terminate Haisch's employment, and did not dispute the defendants' evidence that Raynor had discretion to hire and fire employees. It is undisputed that Raynor rehired Haisch at Haisch's request immediately after Raynor was reelected as Chief of Police, at the same position, salary, and rank Haisch had prior to voluntarily resigning his position to campaign. It also is undisputed that Raynor again rehired Haisch after his April 29, 2011 termination, as soon as funds became available. Raynor testified that he terminated Haisch because he was the most recent hire and therefore lacked seniority. Haisch did not present any evidence to dispute this. His assertion of pretext is merely an unsubstantiated assertion that does not demonstrate a genuine issue of material fact. *See Little*, 37 F.3d at 1075. Because Haisch was unable to produce evidence that his protected speech motivated Raynor's decision to terminate him and was unable to produce any evidence that Lavigne was involved in the decision to terminate his employment, he failed to demonstrate that either Raynor or Lavigne violated his First Amendment rights. Therefore, the district court did not err in granting summary judgment in favor of Raynor and Lavigne on the basis of qualified immunity.

## B. Dismissal of Claim Against Pearl River

Haisch also appealed the district court's grant of summary judgment in favor of Pearl River. Haisch alleged that Pearl River conspired with Raynor and Lavigne to retaliate against him for engaging in protected speech during his campaign. "Cities are not liable for constitutional violations committed by city employees unless those violations result directly from a municipal custom or policy. Liability under the doctrine of *respondeat superior* is not cognizable in § 1983 actions." *Sanders-Burns v. City of Plano*, 594 F.3d 366, 380 (5th Cir. 2010) (citations omitted). "[M]unicipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v.*

No. 12-31061

*City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)). "[W]ithout an underlying constitutional violation, an essential element of municipal liability is missing." *Doe* ex rel *Magee v. Covington County Sch. Dist.* ex rel *Keys*, 675 F.3d 849, 866-67 (5th Cir. 2012) (en banc). Furthermore, "[t]he description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City, Police Dept.*, 130 F.3d 162, 167 (5th Cir. 1997).

As already discussed, Haisch did not present evidence of an underlying constitutional violation. Namely, he failed to demonstrate that there is a genuine issue of material fact as to whether his protected speech motivated the defendant's conduct. *See Kinney*, 367 F.3d at 356. Haisch presented no evidence that he was terminated in retaliation for engaging in protected speech, or for any reason other than budget concerns. Moreover, Haisch did not identify a specific policy that served as the moving force behind the alleged underlying constitutional violation. Therefore, Haisch's claim against Pearl River was properly dismissed.

## IV. Conclusion

For the foregoing reasons, the judgment of the District Court is AFFIRMED.